**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re:  JAMES WARE KELLEY, III,

    Debtor.

------------------------------

JEFFREY WEINMAN,

    Plaintiff - Appellee,

v.

JAMES WARE KELLEY, III,

    Defendant - Appellant.

No. 16-1498
(BAP No. CO-16-004)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

    James Ware Kelley, III, appeals a Bankruptcy Appellate Panel (BAP) order,
which affirmed the bankruptcy court's denial of successive motions to vacate and
reconsider the entry of default judgment.  Exercising jurisdiction under 28 U.S.C.
§ 158(d)(1), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Mr. Kelley is a real-estate investor who attempts to use the bankruptcy laws to wrongfully retain his tenants' security deposits.[1]  In the Eastern District of North Carolina, he filed a Chapter 11 petition to thwart his tenants' efforts at recovering their security deposits, but that case was dismissed.  He then relocated and filed the underlying petition in the District of Colorado after the North Carolina Attorney General instituted a state-court action there charging him with unfair and deceptive trade practices.  The North Carolina action resulted in a judgment against Mr. Kelley for restitution, civil penalties, and attorney's fees.  He also was permanently enjoined from accepting additional security deposits.

In the District of Colorado bankruptcy proceedings, the trustee filed a complaint against Mr. Kelley objecting to his discharge.  The complaint alleged that Mr. Kelley sought to hinder, delay, or defraud his creditors or an officer of the estate by destroying, concealing, or transferring his property interests.  *See* 11 U.S.C. § 727(a)(2)(A).  The trustee also alleged that, with respect to records pertaining to his financial affairs and business transactions, Mr. Kelley failed to keep or preserve them, and knowingly and fraudulently withheld them.  *See id.* § 727(a)(3), (4)(D).  Finally, the trustee averred that Mr. Kelley failed to explain the loss or deficiency of assets to meet his liabilities.  *See id.* § 727(a)(5).  The complaint was served on Mr. Kelley at his address of record in Denver, Colorado.  Shortly thereafter, the

---

[1] We afford Mr. Kelly's pro se pleadings a solicitous construction.  *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

trustee filed an amended complaint against Mr. Kelley, adding allegations relating to the North Carolina judgment. The amended complaint was also served on Mr. Kelley at his Denver address of record.

Mr. Kelley did not respond to the complaint or amended complaint, prompting the trustee to move for default judgment. The trustee served the motion for default both at Mr. Kelley's Denver, Colorado address listed on his bankruptcy petition, as well as a North Carolina address that he provided. Mr. Kelley still failed to respond, however, and consequently, the bankruptcy court entered a default judgment on September 14, 2015.[2]

Two weeks later, Mr. Kelley moved the bankruptcy court to set aside the default judgment under Fed. R. Civ. P. 60(b). That provision allows the court to relieve a party from a final judgment based on, among other things, excusable neglect; newly discovered evidence; or fraud, misrepresentation, or misconduct by an opposing party. *See* Fed. R. Civ. P. 60(b)(1)-(3). Mr. Kelley claimed excusable neglect because the motion for default was sent to his North Carolina address and he did not receive it until September 14, the same day the bankruptcy court entered default judgment. Further, he claimed there was newly discovered evidence that the trustee introduced slanderous statements. Last, he asserted the trustee engaged in fraud by misrepresenting his actions to the bankruptcy court.

---

[2] The next day, September 15, 2015, Mr. Kelley filed a notice of change of address with the bankruptcy court, listing the North Carolina address.

The bankruptcy court rejected these arguments and denied the motion to set aside the judgment. The court determined there was no excusable neglect under Rule 60(b)(1), principally because Mr. Kelley offered no reason why he failed to respond to the complaint (as opposed to the motion for default judgment), but also because the trustee served the motion for default at the North Carolina address. Moreover, the court determined that Mr. Kelley did not act in good faith but rather acted in a pattern of "evasion and obfuscation." Aplt. App. at 122.[3] The court reasoned that Mr. Kelley left North Carolina when the Attorney General there was investigating him, and then he left Colorado when the trustee in this case was investigating his estate. And, the court continued, even if he had shown excusable neglect, Mr. Kelley failed to raise any meritorious defense to the complaint. Regarding Rule 60(b)(2), the bankruptcy court concluded that Mr. Kelley did not warrant relief because his evidence was not new, it was not material, and it would not produce a different result. Nor did he warrant relief under Rule 60(b)(3), the court concluded, because he presented no evidence that the trustee had engaged in fraud, misrepresentation, or misconduct.

Mr. Kelley moved the bankruptcy court to reconsider its ruling, citing Fed. R. Civ. P. 60(b) as well as Fed. R. Civ. P. 59. But because he advanced the same substantive arguments that the bankruptcy court previously rejected—*viz.*, that the trustee untimely served the motion for default at the North Carolina address and

---

[3] The appendix filed on appeal does not contain consecutive or even consistent pagination. Our record citations conform to the pagination of the corrected appendix filed with the BAP, which begins on page 888 of the appendix filed with this court.

4

otherwise engaged in fraud and misconduct—the bankruptcy court denied the motion as a procedurally improper, successive motion for reconsideration. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration and a successive Rule 60(b) motion . . . are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.").[4] Mr. Kelley appealed to the BAP.

The BAP affirmed. For the first time, Mr. Kelley argued that the default judgment was void under Rule 60(b)(4) due to a lack of notice and personal jurisdiction. But the BAP concluded that he forfeited this new theory by failing to raise it in the bankruptcy court and waived any objection to personal jurisdiction under the federal rules. *See* Fed. Bankr. R. P. 7012 (incorporating Fed. R. Civ. P. 12, regarding waiver of personal-jurisdiction defenses). Accordingly, the BAP ruled that Mr. Kelley was not entitled to review of this argument. Moreover, the BAP observed, Mr. Kelley did not dispute that he was properly served with the complaint and the amended complaint, which he did not answer. Also, the BAP noted that the Federal Rules do not require service of the motion for default on Mr. Kelley; instead,

---

[4] The same day Mr. Kelley filed his successive motion for reconsideration, on January 14, 2016, he also filed an "Answer to Amended Complaint, Counter[-]Claim and Third-Party Complaint." *See* Aplt. App. at 143. The bankruptcy court, in its order denying the motion for reconsideration, struck the pleading as untimely but noted that even if the court were to consider the substance of the answer, it admitted the allegations related to the North Carolina judgment, the findings of which were sufficient to deny discharge. The court also noted that the counterclaims lacked merit.

service "by mail is complete on mailing," Fed. R. Bankr. P. 9006(e). And in any event, the motion for default was, in fact, served at Mr. Kelley's North Carolina address. As for his arguments that the trustee engaged in fraud or other misconduct, the BAP concluded that he failed to meet his standard of proof to warrant relief under Rule 60(b)(3). Dissatisfied with this result, Mr. Kelley appealed to this court.

## II

"In our review of BAP decisions, we independently review the bankruptcy court decision." *Kirkland v. B—Line, LLC (In re Kirkland)*, 572 F.3d 838, 840 (10th Cir. 2009). The BAP is "a subordinate appellate tribunal whose rulings are not entitled to any deference (although they certainly may be persuasive)." *Schupbach Invs., L.L.C. v. Rose Hill Bank (In re Schupbach Invs., L.L.C.)*, 808 F.3d 1215, 1219 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 2010 (2016). "We review the bankruptcy court's legal determinations de novo [and] its factual findings for clear error." *Id.* (citation omitted).

Mr. Kelley's pro se appellate brief raises several arguments, some of which are virtually incoherent. Nevertheless, based on our solicitous construction, we distill the following four arguments: (1) the BAP denied Mr. Kelley due process by holding oral argument without him; (2) he was entitled to relief under Rule 60(b)(3) because the trustee defrauded the bankruptcy court; (3) the judgment in the North Carolina state-court action was incorrect; and (4) the bankruptcy court should have granted relief under Rule 60(b)(4). We consider these arguments in turn.

6

*1. Oral Argument before the BAP*

Mr. Kelley first contends the BAP violated his due process rights by holding oral argument without him. Given our independent review of the bankruptcy court's decisions, we need not address this argument because the BAP's procedural ruling has no impact on the outcome of this case. *See Mathai v. Warren (In re Warren)*, 512 F.3d 1241, 1248 (10th Cir. 2008) ("[W]e review only the Bankruptcy Court's decision." (internal quotation marks omitted)); *Orr v. City of Albuquerque*, 417 F.3d 1144, 1154 (10th Cir. 2005) ("We will not address this issue because it has no bearing on the ultimate outcome of the case.").

In any event, the argument is meritless because Mr. Kelley can show no prejudice from his inability to participate in oral argument. *See Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1377 (10th Cir. 1996) (requiring a party to show prejudice from the denial of oral argument). Federal Rule of Bankruptcy Procedure 8019(f) permits the BAP to proceed with oral argument if one party fails to appear. The BAP authorized Mr. Kelley to appear by telephone, but he neglected to inform the court that he was in the Ukraine. He also failed to comply with certain technical requirements necessary to participate in oral argument via telephone. Thus, not until the day before scheduled arguments was it discovered that Mr. Kelley's telephone number was an invalid international number and that all of his other telephone numbers prevented him from hearing anything. Mr. Kelley moved for a continuance, but under these circumstances, the BAP denied his request and proceeded with arguments as scheduled. Mr. Kelley asserts on appeal that he was prejudiced because

7

opposing counsel was allowed to testify and the BAP failed "to ask substantive questions," Aplt. Br. at 10, but these arguments do not show prejudice; they attempt to fault the BAP for the consequences of Mr. Kelley's own conduct.

### 2. *Allegations of Fraud by the Trustee*

Mr. Kelley next renews his arguments under Rule 60(b)(3), insisting that the trustee perpetrated a fraud upon the bankruptcy court. We review the denial of Rule 60(b) relief for an abuse of discretion. *Servants of Paraclete*, 204 F.3d at 1009. "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (internal quotation marks omitted). It "is not properly granted where a party merely revisits the original issues and seeks to challenge the legal correctness of the [bankruptcy] court's judgment by arguing that the [bankruptcy] court misapplied the law or misunderstood the party's position." *Id.* (brackets and internal quotation marks omitted). Nor is it "an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Id.* Rather, "[p]arties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (internal quotation marks omitted). Thus, "our review is meaningfully narrower than review of the merits of a direct appeal." *Id.* (internal quotation marks omitted). "We will not reverse the [bankruptcy] court's decision on a Rule 60(b) motion unless that decision is arbitrary,

8

capricious, whimsical, or manifestly unreasonable." *Lebahn*, 813 F.3d at 1306 (internal quotation marks omitted).

The bankruptcy court did not abuse its discretion in denying relief here. To warrant setting aside the judgment under Rule 60(b)(3), Mr. Kelley was obligated to "show clear and convincing proof of fraud, misrepresentation, or misconduct." *Zurich*, 426 F.3d at 1290 (internal quotation marks omitted). He also was required to show that "the challenged behavior . . . *substantially* . . . interfered with [his] ability [to] fully and fairly . . . prepare for and proceed to trial." *Id.* (internal quotation marks omitted). But he has produced no evidence at all suggesting that the trustee engaged in fraud or misconduct, nor has he established that the trustee impeded his ability to defend against the allegations in the complaint and the amended complaint. Indeed, the bankruptcy court recognized that it was Mr. Kelley—not the trustee—who possessed the documents that were the subject of the complaint's allegations. Under these circumstances, Mr. Kelley was not entitled to relief under Rule 60(b)(3).

*3. The North Carolina State-Court Judgment*

Now for the first time on appeal, Mr. Kelley argues that the North Carolina state-court action resulted in an erroneous judgment. We will not consider this argument because Mr. Kelley effectively waived it by failing to raise it in the bankruptcy court and by not arguing for plain-error review before us. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011).

9

### 4. *Relief under Rule 60(b)(4)*

Finally, Mr. Kelley insists that the bankruptcy court should have granted relief under Rule 60(b)(4). We decline to consider this issue for two reasons. First, Mr. Kelley did not raise any Rule 60(b)(4) argument in the bankruptcy court, and the BAP concluded that, by failing to do so, Mr. Kelley forfeited the argument and, moreover, waived it under the federal rules. We agree.

Second, even if Mr. Kelley had preserved an argument under Rule 60(b)(4) in the bankruptcy court, his brief on appeal does not adequately present any developed argument under Rule 60(b)(4) to this court. We are mindful of Mr. Kelley's pro se status, but we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Federal Rule of Appellate Procedure 28(a)(8)(A) requires that an appellant's brief contain their "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." "Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

Mr. Kelley's appellate brief falls far short of the standard required to preserve and adequately present an argument to this court. It simply lists sub-headings that question whether relief was required under Rule 60(b)(4). Without any argument, authority, or explanation, these headings reference the Fourteenth Amendment,

10

unspecified causes of action, and a federal statute. One heading is followed by an unintelligible statement that "[t]he BAP errored in [sic] by failing to recognize graphic attached to the pleadings and approving the motion to correct visual scan loss with the electronic files sent directly to the BAP." Aplt. Br. at 13-14. We decline to exercise our discretion to address such incoherent and perfunctory statements.

III

The judgment of the bankruptcy court is affirmed. Mr. Kelley's motion to take judicial notice of various materials, including a Handbook of Chapter 7 Trustees and an Internal Revenue Service guideline, which Mr. Kelley asserts establishes the trustee's purported perjury and fraud, is denied.

Entered for the Court

Jerome A. Holmes
Circuit Judge