**PUBLISH**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TRENT LEBAHN,

     Plaintiff - Appellant,

v.

ELOISE OWENS, former pension
consultant for the National Farmers Union
Pension Committee,

     Defendant - Appellee.

No. 14-3244

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 6:14-CV-01001-CM-JPO)**
_____

Randall K. Rathbun, Depew Gillen Rathbun & McInteer, LC, Wichita, Kansas, for
Plaintiff-Appellant.

Alan L. Rupe, Lewis Brisbois Bisgaard & Smith, LLP, Wichita, Kansas, for Defendant-
Appellee.
_____

Before **GORSUCH**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

**McHUGH**, Circuit Judge.
_____

## I.    INTRODUCTION

Trent Lebahn sued Eloise Owens, a consultant for Mr. Lebahn's employee pension plan, for negligently misrepresenting the amount of his monthly retirement benefits. The district court dismissed Mr. Lebahn's negligent-misrepresentation claim, concluding it was preempted by the Employee Retirement Income Security Act. Mr. Lebahn then filed an untimely Rule 59 motion, arguing preemption did not apply because Ms. Owens was not a fiduciary of the pension plan. The district court construed the untimely motion as one under Rule 60(b) and denied relief, reasoning that Mr. Lebahn's argument regarding Ms. Owens's fiduciary status had been raised too late. Mr. Lebahn now appeals.

Because we lack jurisdiction to consider Mr. Lebahn's challenge to the district court's underlying judgment, our review is limited to the district court's denial of relief under Rule 60(b). Mr. Lebahn has not demonstrated the district court abused its discretion in denying relief under Rule 60(b), and we therefore affirm the district court's judgment.

## II.   BACKGROUND

Trent Lebahn was a sales manager for National Farmers Union Insurance Company/Midwest Agency (Midwest).[1] In early 2012, Mr. Lebahn began to consider early retirement. He contacted Eloise Owens, a pension consultant for the National Farmers Union Uniform Pension Plan (the Plan), to determine if the benefits

---

[1] Because the underlying judgment in the district court is the grant of a motion to dismiss, we recite the facts as alleged by the plaintiff, Mr. Lebahn. *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 699 n.1 (10th Cir. 2014).

available to him under the Plan would be adequate to support his family if he retired early. Ms. Owens calculated Mr. Lebahn's early-retirement benefits at $8,444.18 per month. Mr. Lebahn questioned the accuracy of Ms. Owens's calculations, as the resulting monthly benefit was substantially greater than the amount reflected in Mr. Lebahn's annual statements from the Plan, but Ms. Owens and others working in the Plan's pension department confirmed that her calculations were correct.

Mr. Lebahn elected to retire, and as represented, he received $8,444.18 per month in retirement benefits from July 2012 through March 2013. But in March 2013, a representative of the Plan contacted Mr. Lebahn and informed him he was being overpaid. According to the Plan representatives, Mr. Lebahn should have been receiving only $3,653.78 in monthly benefits and now owed the Plan $43,113.60 he had received in overpayments. Upon learning that his retirement benefit was much lower than represented, Mr. Lebahn attempted to return to work. But his position with Midwest was no longer available, and the only available work would have required him to move across state or to spend significant time travelling.

In early 2014, Mr. Lebahn filed this action in the United States District Court for the District of Kansas. He alleged a claim of negligent misrepresentation against Ms. Owens for incorrectly calculating his monthly retirement benefit and inducing him to retire early in reliance on that calculation. Ms. Owens moved to dismiss Mr. Lebahn's complaint, arguing his common-law negligent-misrepresentation claim was preempted by the Employee Retirement Income Security Act (ERISA). Mr. Lebahn opposed that motion, contending his claim did not "relate to" an ERISA plan because

3

he sought recovery only from Ms. Owens for the economic loss caused by her negligent misrepresentations, not recovery of additional benefits under the plan.

The district court ruled in favor of Ms. Owens, concluding Mr. Lebahn's claims related to the Plan and, therefore, ERISA preempted his common-law claim. Specifically, the district court determined Ms. Owens's allegedly negligent conduct—her miscalculation of Mr. Lebahn's benefits—constituted "administration" of the Plan; Mr. Lebahn's damages would be based on a calculation of potential Plan benefits; and "but for the Plan, plaintiff would have no claim—making the Plan itself a critical factor in the case." The district court therefore granted Ms. Owens's motion and dismissed Mr. Lebahn's complaint, entering judgment on June 13, 2014.

On July 14, 2014, Mr. Lebahn filed a "Motion for Reconsideration," seeking relief under Rule 59(e) of the Federal Rules of Civil Procedure. In that motion, Mr. Lebahn argued for the first time that ERISA preemption did not apply because Ms. Owens was a third-party consultant rather than a fiduciary of the Plan. Mr. Lebahn contended that "[t]he fact that the defendant is a third party consultant was overlooked by [the district court] in its ruling" and that the district court therefore misinterpreted the law governing ERISA preemption, meriting relief under Rule 59.

The district court first concluded Mr. Lebahn's motion was not timely under Rule 59(e), which requires a motion to alter or amend a judgment to be filed within twenty-eight days of judgment—in this case no later than July 11, 2014. The district court therefore construed Mr. Lebahn's untimely Rule 59 motion as a motion for relief from judgment under Rule 60(b). But the district court denied the motion,

4

reasoning Mr. Lebahn had failed to demonstrate "exceptional circumstances" that would merit relief under Rule 60. In reaching this conclusion, the district court determined that Mr. Lebahn's arguments relating to Ms. Owens's fiduciary status were "raised too late" because Mr. Lebahn "failed to bring this issue to the court's attention until he lost the motion to dismiss." The district court further concluded that a Rule 60(b) motion was "not the proper time to raise an argument" for the first time and that Mr. Lebahn's untimely raising of the fiduciary issue was not an adequate basis for Rule 60(b) relief. The court accordingly denied Mr. Lebahn's motion for reconsideration on October 10, 2014. Mr. Lebahn appealed from the district court's denial of his motion for reconsideration on November 3, 2014.

## III. ANALYSIS

### A. *Our Review is Limited to the Denial of 60(b) Relief*

Before addressing Mr. Lebahn's arguments on appeal, we first note the limited scope of our review under these circumstances. This court has jurisdiction only to review district court judgments from which a timely notice of appeal has been filed. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Ordinarily, a notice of appeal must be filed within thirty days after the entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). Although a motion under Rule 59 or Rule 60 may toll a party's time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(4)(A), that tolling provision is triggered only by filing a Rule 59 or Rule 60 motion within twenty-eight days of the judgment. *See* Fed. R. App. P. 4(a)(4)(A) (providing that a timely Rule 59 motion, or a Rule 60 motion filed within twenty-eight days of the

5

judgment, tolls the time to appeal); Fed. R. Civ. P. 59(e) (providing that a motion to alter or amend judgment under Rule 59 must be filed no later than twenty-eight days after the entry of judgment). A Rule 59 or Rule 60 motion filed outside of this twenty-eight-day window therefore does not enlarge a party's time to appeal.

Here, the district court entered judgment dismissing Mr. Lebahn's complaint on June 13, 2014. Mr. Lebahn filed his "Motion for Reconsideration" on July 14, 2014—thirty-one days after judgment was entered and outside the window in which his motion, whether considered under Rule 59 or Rule 60, could successfully toll his time to file a notice of appeal from the district court's order. Mr. Lebahn's November 3, 2014 Notice of Appeal—filed after the district court's disposition of his motion for reconsideration—is therefore untimely with respect to the district court's June 13 order dismissing Mr. Lebahn's complaint.[2] This court accordingly lacks jurisdiction to consider any challenges to the district court's order granting Ms. Owens's motion to dismiss.

Instead, the Notice of Appeal was timely only with respect to, and our review is therefore limited to, the district court's denial of Rule 60(b) relief. The district court's ruling on a Rule 60(b) motion is separately appealable from the district court's underlying judgment. *Stouffer v. Reynolds*, 168 F.3d 1155, 1172 (10th Cir. 1999). But an appeal from denial of Rule 60(b) relief "raises for review only the

---

[2] Moreover, Mr. Lebahn's notice of appeal and docketing statement identify only the district court's October 10 order denying Rule 60(b) relief as the order appealed from. We lack jurisdiction to review orders not identified in the notice of appeal or its "functional equivalent." *Smith v. Barry*, 502 U.S. 244, 248 (1992); *Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th Cir. 1997).

district court's order of denial and not the underlying judgment itself." *Id.* And that review is ordinarily limited to whether the district court abused its discretion in denying relief from judgment. *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011).

Mr. Lebahn does not challenge the district court's treatment of his motion as one under Rule 60(b). Rather, he argues that, under the unique procedural posture of this case, we need not give deference to the district court's Rule 60(b) decision and may directly consider his mistake-of-law challenge to the district court's underlying judgment. Specifically, he contends *Van Skiver v. United States*, 952 F.2d 1241 (10th Cir. 1991), stands for the proposition that if a Rule 60(b)(1) motion asserting a mistake of law is brought within the time to appeal from the underlying judgment, an appellate court reviewing the district court's denial of the Rule 60(b)(1) motion has "jurisdiction to overturn the underlying judgment" and may "consider the substantive legal merit of the court's decision and need not defer to the court's judgment." Because Mr. Lebahn's motion for reconsideration was filed within the time to appeal from the district court's underlying judgment,[3] he concludes we may directly consider the legal merit of his mistake-of-law claim without evaluating the district court's denial of Rule 60(b) relief.

---

[3] A notice of appeal from the district court's June 13, 2014 judgment would normally need to be filed within thirty days, or no later than July 13, 2014. Fed. R. App. P. 4(a)(1)(A). But because July 13, 2014, was a Sunday, Mr. Lebahn's time to file a notice of appeal ran through the following business day, July 14, 2014. Fed. R. App. P. 26(a)(1)(C). Mr. Lebahn's motion for reconsideration was accordingly filed within his time to appeal the district court's decision.

7

Mr. Lebahn's argument stretches *Van Skiver* too far. *Van Skiver* merely recognizes that a Rule 60(b)(1) motion asserting mistake of law is untimely—and therefore gives the *district court* no authority to grant relief—unless brought within the time to appeal. 952 F.2d at 1244; *accord Orner v. Shalala*, 30 F.3d 1307, 1309–10 (10th Cir. 1994) (holding where "no notice of appeal was timely filed from the order in which the mistake is alleged to have occurred, and the time for filing such a notice of appeal had expired when the [Rule] 60(b) motion was filed[,] . . . Rule 60(b)(1) was not available to the district court as a basis upon which to grant . . . discretionary relief from its judgment" (first alteration in original)). But nothing in *Van Skiver* purports to give *this court* jurisdiction to disturb a district court's underlying judgment from which no timely appeal was taken. To the contrary, *Van Skiver* holds that "appeal from the denial of the [Rule 60(b)] motion raises for review only the district court's order of denial and not the underlying judgment itself." 952 F.2d at 1243. Mr. Lebahn's argument that we have "jurisdiction to overturn the underlying judgment" and may directly consider whether the district court made a mistake of law in granting the motion to dismiss is thus without merit.

Even if we read Mr. Lebahn's argument more narrowly, as asserting only that we may review the district court's decision under these circumstances non-deferentially, that argument nevertheless fails. Mr. Lebahn here relies on Moore's treatise on federal practice, which makes the unexceptional observation that where the district court "reviews its own mistake of law under Rule 60(b)(1) and that determination is appealed," a court of appeals "will reach the substantive legal merits

8

of the underlying judgment" and "does not defer to the judgment of the district court." 12 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 60.68 (2015). We agree that where a district court makes a legal error in reviewing its own prior decision, we do not defer to the district court's erroneous legal conclusion and the district court "by definition abuses its discretion." *See Koon v. United States*, 518 U.S. 81, 100 (1996). But these principles are of no help to Mr. Lebahn, because the district court here did not evaluate the purported legal errors in its decision. Rather, the district court ruled that Mr. Lebahn's arguments were untimely, that Rule 60(b)(1) was not an appropriate vehicle to raise arguments that could have been raised earlier, and that the purported mistakes were arguable at best and therefore not obvious and apparent on the record as would be necessary to justify Rule 60(b)(1) relief. These are not decisions interpreting legal questions, but equitable matters committed to the district court's discretion. *Van Skiver*, 952 F.2d at 1243. Because the district court did not "review[] its own mistake of law" under Rule 60(b)(1) but instead exercised its discretion to conclude relief under Rule 60(b)(1) would be improper, Mr. Lebahn cannot demonstrate the district court's Rule 60(b) decision is founded on a legal error that would permit us to subject the district court's decision to de novo review. Our review is thus limited to whether the district court exceeded its discretion, and Mr. Lebahn's arguments to the contrary are without merit.[4]

---

[4] Because our review is thus limited, we do not address Mr. Lebahn's argument that the district court erred in granting Ms. Owens's motion to dismiss by applying a "but for" standard in evaluating whether Mr. Lebahn's claim "related to" an ERISA plan.

9

## B. *The District Court Did Not Abuse Its Discretion in Denying 60(b) Relief*

Accordingly, we consider only whether the district court's denial of Rule 60(b) relief was an abuse of discretion, "keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *ClearOne Commc'ns*, 643 F.3d at 754. Rule 60(b) relief is not properly granted where a party merely revisits the original issues and seeks to "challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the party's] position." *Van Skiver*, 952 F.2d at 1244. And a Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th. Cir. 1996). We will not reverse the district court's decision on a Rule 60(b) motion unless that decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1181 (10th Cir. 2000).

In his motion for reconsideration, Mr. Lebahn argued for the first time that ERISA preemption did not apply because Ms. Owens was a third-party consultant of the Plan, not a Plan fiduciary. Mr. Lebahn relied on *Airparts Co. v. Custom Benefit Services of Austin*, 28 F.3d 1062 (10th Cir. 1994), in support of his argument that his negligent-misrepresentation claim did not "relate to" an ERISA plan because it would not "impact the traditional plan entities": the principals, the employer, the plan, the plan fiduciaries, and the beneficiaries. Mr. Lebahn asserted that *Airparts* foreclosed the district court's reasoning, and he faulted the district court for "miss[ing] the

10

overall holding of *Airparts*" and "overlook[ing]" the "fact that the defendant is a third party consultant" rather than a Plan fiduciary. In his reply memorandum in support of that motion, Mr. Lebahn further modified his argument, now asserting that the district court had improperly decided Ms. Owens was a fiduciary at the motion-to-dismiss stage.

The district court denied Mr. Lebahn's motion to reconsider, explaining that Mr. Lebahn's arguments were raised too late, that the district court had "applied the law to the facts and issues as pleaded by plaintiff and briefed by the parties," and that Mr. Lebahn "failed to bring [the fiduciary issue] to the court's attention until he lost the motion to dismiss." The district court therefore concluded Mr. Lebahn had failed to meet his burden of "showing that the court made a mistake so exceptional that it is obvious on the record and merits setting aside the judgment."

Mr. Lebahn's principal argument on appeal is that the district court "made a mistake of law when it implicitly held that [Ms. Owens] was a traditional plan entity"—i.e., a fiduciary of the Plan. Mr. Lebahn also argues the district court abused its discretion in denying Rule 60(b) relief because it improperly concluded Mr. Lebahn's argument regarding Ms. Owens's fiduciary status could have been raised sooner.

To begin, the central premise of Mr. Lebahn's argument—that the district court in fact determined Ms. Owens was a fiduciary of the Plan—is unfounded. This contention springs solely from the district court's observation in granting Ms. Owens's motion to dismiss that "subjecting defendant's actions to Kansas law"

11

would "subvert[] ERISA's objective of providing uniform guidelines for plan fiduciaries." Seizing on this single reference to fiduciaries, Mr. Lebahn argues the district court impliedly found Ms. Owens was a fiduciary, a finding Mr. Lebahn maintains was inappropriate. But the record belies Mr. Lebahn's contention that the district court made any such finding. As Mr. Lebahn concedes, whether Ms. Owens was or was not a fiduciary "was not an issue before the motion to dismiss was granted" because the parties had argued only "whether the state law claim related to an ERISA plan because of its effect on administration of the plan." Where the issue had not been raised by the parties, the district court had no reason to rule on Ms. Owens's fiduciary status. And in ruling on Mr. Lebahn's motion for reconsideration, the district court explains that it considered Ms. Owens's fiduciary status to be a novel issue, which Mr. Lebahn "failed to bring . . . to the court's attention until he lost the motion to dismiss." We cannot glean from the district court's rulings a finding that Ms. Owens was a fiduciary, and we therefore cannot conclude that the district court abused its discretion in declining to reverse a decision it had not made.

We next consider Mr. Lebahn's contention that his arguments regarding Ms. Owens's fiduciary status could not have been raised earlier and that the district court abused its discretion in ruling otherwise. Mr. Lebahn states "[t]he fiduciary issue was not raised until the Court *sua sponte* made its improper determination that Appellee was a fiduciary in its ruling on the motion to dismiss." Thus, in Mr. Lebahn's view, the argument regarding Ms. Owens's fiduciary status "could not have been made before the Court issued its opinion on the motion to dismiss."

12

But Mr. Lebahn's argument ignores his obligation to bring relevant issues to the district court's attention. "[I]t is not the court's job to comb the record in order to make the non-movant's arguments for him." *Cf. Cohlmia v. St. John Med. Ctr.*, 693 F.3d 1269, 1282 (10th Cir. 2012) (internal quotation marks omitted). If, as Mr. Lebahn now contends, Ms. Owens's fiduciary capacity is fatal to her claim of ERISA preemption, he should have raised this argument in opposition to Ms. Owens's motion to dismiss. Tellingly, Mr. Lebahn's complaint does not discuss Ms. Owens's fiduciary status, or even contain the word fiduciary, and his opposition to Ms. Owens's motion to dismiss does not address her fiduciary capacity at all. Certainly, the district court had no obligation to sua sponte construct an argument for Mr. Lebahn that he failed to raise on his own behalf. *Id.* And Mr. Lebahn has not demonstrated that an argument relating to Ms. Owens's fiduciary status was unavailable to him in opposing her motion to dismiss. Rather, it appears Mr. Lebahn, through inadvertence or strategic choice, simply failed to raise the issue in opposition to the motion to dismiss. Only after the district court had ruled against him and dismissed the action did Mr. Lebahn argue that Ms. Owens's status as a non-fiduciary of the Plan indicated that preemption was not appropriate. The district court did not abuse its discretion in determining that Mr. Lebahn's fiduciary argument was not timely raised and was therefore not a proper basis on which to grant Rule 60(b) relief.[5]

---

[5] Mr. Lebahn also argues the district court failed to address other "issues concerning mistake of law and ERISA preemption" and "specific instances where the

13

In the end, we are faced only with the question of whether the district court abused its discretion in denying relief on the basis it "overlooked" the issue of whether Ms. Owens was a fiduciary in its initial ruling. The record supports the district court's conclusion that this issue was not properly raised in opposition to Ms. Owens's motion to dismiss. And the district court correctly observed a party may not use Rule 60(b) to raise arguments that could have been raised earlier. *See Cashner,* 98 F.3d at 577. The district court's determination that Mr. Lebahn did not present exceptional circumstances justifying Rule 60(b) relief is neither arbitrary nor manifestly unreasonable such that we could conclude the district court abused its discretion. *Weitz*, 214 F.3d at 1181. We therefore affirm the district court's denial of relief under Rule 60(b).

## IV. CONCLUSION

Mr. Lebahn's untimely Rule 59 motion did not toll his time to appeal, and his notice of appeal is therefore timely only with respect to the denial of postjudgment relief. We therefore lack jurisdiction to entertain his challenges to the district court's underlying judgment granting Ms. Owens's motion to dismiss. Mr. Lebahn's argument regarding Ms. Owens's status as a fiduciary could have been raised in opposition to her motion to dismiss, and the district court therefore did not abuse its

---

Court made substantive mistakes of law." But Mr. Lebahn's briefing does not identify the specific issues he seeks to challenge or provide meaningful legal analysis to demonstrate error by the district court, and he has therefore waived these issues. *See Harsco Corp. v. Renner*, 475 F.3d 1179, 1190 (10th Cir. 2007).

14

discretion in denying Mr. Lebahn's motion for reconsideration under Rule 60(b). We therefore affirm the district court's denial of Rule 60(b) relief.