**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

ELBERT KIRBY, JR.; CALEB
MATTHEW MEADOWS,

     Plaintiffs - Appellants,

v.

ERIC WILLIAM ROBERTS; DERRICK
LYNN WARE; STEVEN KIRK; BILLY
FAUSETT; CHARLIE DOUGHERTY,
Lincoln County Sheriff; LINCOLN
COUNTY JAIL; LINCOLN COUNTY
SHERIFF'S DEPARTMENT,

     Defendants - Appellees.

_____

ELBERT KIRBY, JR.; CALEB
MATTHEW MEADOWS,

     Plaintiffs - Appellants,

v.

DERRICK LYNN WARE; STEVEN
KIRK; BILLY FAUSETT,

     Defendants - Appellees.

No. 16-6142
(D.C. No. 5:14-CV-00906-M)
(W.D. Okla.)

No. 16-6256
(D.C. No. 5:14-CV-00906-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,

_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Plaintiffs Elbert Kirby, Jr. and Caleb Meadows, proceeding pro se, appeal the district court's grant of summary judgment and its denial of their motion for reconsideration. In a separate appeal, they also challenge the court's award of costs to some of the defendants. We dismiss the appeal of the grant of summary judgment as untimely. Exercising jurisdiction under 28 U.S.C. § 1291 over the remainder of the appeal, we affirm the denial of Plaintiffs' motion for reconsideration and the award of costs.

In August 2014, Plaintiffs filed suit in the United States District Court for the Western District of Oklahoma raising various claims against government officials arising out of their arrest and booking on charges of obstructing an officer, speeding, and failing to possess a valid driver's license. The district court granted summary judgment for the government defendants and entered judgment against Plaintiffs on March 31, 2016. Plaintiffs filed a motion for reconsideration of the summary-judgment ruling on May 2, 2016, which the court denied on May 12, 2016. They filed a notice of appeal challenging both rulings on May 26, 2016.

After entry of judgment the district-court clerk awarded costs for printing and copying to some of the defendants in the amount of $52.11. Plaintiffs challenged this

_____

however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

award but the district court denied relief on August 4, 2016. Plaintiffs then filed another notice of appeal—this one relating solely to the issue of costs—on August 24, 2016.

We dismiss as untimely Plaintiffs' appeal from the grant of summary judgment. *See Lebahn v. Owens*, 813 F.3d 1300, 1304 (10th Cir. 2016) ("This court has jurisdiction only to review district court judgments from which a timely notice of appeal has been filed."). Although a notice of appeal ordinarily must be filed "within 30 days after entry of the judgment or order appealed from," Fed. R. App. P. 4(a)(1)(A), "a motion under [Fed. R. Civ. P.] 59 or . . . 60 may toll a party's time to file a notice of appeal," *Lebahn*, 813 F.3d at 1304. But only if the motion is filed within 28 days of the judgment. *See id.*; Fed. R. App. P. 4(a)(4)(A). Here, Plaintiffs' motion for reconsideration was not filed until May 2, 2016, more than 28 days after the entry of judgment on March 31, 2016. They argue that they mailed their motion and that the date of mailing should constitute the date of filing. But the date of mailing is considered the filing date only for prisoners, *see* Fed. R. App. P. 4(c)(1), and Plaintiffs have not shown that they were prisoners at the time. In any event, the record reflects that they mailed their motion on April 29, 2016— still too late. Thus, the time to appeal the summary judgment was not tolled and their May 26 notice of appeal is too late to challenge it.

On the other hand, Plaintiffs' notice of appeal is timely with respect to the May 12 denial of their motion for reconsideration. *See Lebahn*, 813 F.3d at 1305 ("The district court's ruling on a Rule 60(b) motion is separately appealable from the district court's underlying judgment."). But their appellate briefs, even construed liberally, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), do not challenge

3

this ruling. We therefore affirm the denial. *See Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("Issues not raised in the opening brief are deemed abandoned or waived.").

That leaves only Plaintiffs' timely appeal of the award of $52.11 in costs. Plaintiffs contend that the district court erroneously awarded costs for copying expenses relating to depositions that were not taken. Plaintiffs are correct on the law—such costs should not be awarded. But they are wrong on the facts. Despite the district court's statement in its order approving costs that costs relating to depositions were awarded, the record clearly shows that the $52.11 award was based on other costs. Although the district court misspoke in its order, the award was correct.

We **DISMISS** the appeal of the district court's grant of summary judgment, **AFFIRM** the court's denial of the motion for reconsideration, and **AFFIRM** the award of costs. Plaintiffs' request for their own costs is **DENIED**. Plaintiffs' request to strike any opposing briefs is **DENIED**.

Entered for the Court

Harris L Hartz
Circuit Judge

4