**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TERRY J. CLARK,

     Plaintiff - Appellant,

v.

TIME INC.; HEARTLAND GOLF
DEVELOPMENT II, LLC,

     Defendants - Appellees.

Nos. 17-3123 & 17-3149
(D.C. No. 2:15-CV-09090-DDC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

     Plaintiff Terry J. Clark filed suit against Time, Inc. and Heartland Golf

Development II, LLC, alleging defamation and intentional infliction of emotional

distress. The district court granted the defendants' motion for summary judgment

and entered judgment. Plaintiff filed a motion to reconsider (the Motion for Relief)

and a motion to set aside the judgment on the ground that the district judge should

have recused because of bias (the Recusal Motion). Both motions were denied. He

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

has filed two appeals, one challenging the judgment (No. 17-3123) and one challenging the denial of the Recusal Motion (17-3149). (He has not appealed the denial of his Motion for Relief.) This court has consolidated the two appeals. Because the notice of appeal challenging the judgment was untimely, we dismiss that appeal for lack of jurisdiction. We have jurisdiction over the second appeal under 28 U.S.C. § 1291 and affirm.

I. BACKGROUND.

Plaintiff was originally represented by counsel, but after the defendants moved for summary judgment, he dismissed his attorney and has acted pro se in all later proceedings, including this appeal. On March 16, 2017, the district court granted the summary-judgment motion and judgment was entered. On April 13, Plaintiff filed a request for an extension of time to file a motion to reconsider and set aside or amend the judgment. The district court granted the extension although, as it later realized, it lacked authority to do so. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under [Fed. R. Civ. P. 59(e) or 60(b)].") On May 4, Plaintiff filed his Motion for Relief, invoking Fed. R. Civ. P. 59(e) and 60(b). While that motion was pending, he filed his Recusal Motion.

The district court denied the Motion for Relief. In doing so, the court noted that it had lacked authority under Rule 6(b)(2) to grant Plaintiff's extension request. As a result, the motion was untimely insofar as it invoked Rule 59(e). *See* Fed. R. Civ. P. 59(e) (Rule 59(e) motion must be filed within 28 days of entry of judgment). But as the Motion for Relief was still timely under Rule 60(b), the court applied the

2

requirements of that rule and denied the motion. The court also denied Plaintiff's Recusal Motion.

## II. DISCUSSION.

We liberally construe Plaintiff's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*. And "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id*. (internal quotation marks omitted).

### A. Summary Judgment.

Although the defendants did not originally move to dismiss the appeal from the judgment for lack of appellate jurisdiction, we raised the issue sua sponte. *See Margheim v. Buljko*, 855 F.3d 1077, 1083 (10th Cir. 2017) ("As a federal court of limited jurisdiction, we have an independent obligation to confirm that our jurisdiction is proper."). "This court has jurisdiction only to review district court judgments from which a timely notice of appeal has been filed." *Lebahn v. Owens*, 813 F.3d 1300, 1304 (10th Cir. 2016). Under 28 U.S.C. § 2107(a) an appeal in a civil case must be brought "within thirty days after the entry of [the] judgment, order or decree." *See also* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from"). As we have recognized, "[A] motion under Rule 59 or Rule 60 may toll a party's time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(4)(A), [but] that tolling provision is triggered only by filing a Rule 59 or Rule 60 motion within

3

twenty-eight days of the judgment." *Lebahn*, 813 F.3d at 1304; *see* Fed. R. App. P. 4(a)(4)(A) (a timely Rule 59 motion, or a Rule 60 motion filed within 28 days of the judgment, tolls the time to appeal). Therefore, "[a] Rule 59 or Rule 60 motion filed outside of this twenty-eight-day window . . . does not enlarge a party's time to appeal." *Lebahn*, 813 F.3d at 1304.

The district court entered judgment on the defendants' motion for summary judgment on March 16, 2017. Plaintiff did not file his notice of appeal until May 22, a month after expiration of the 30-day deadline for filing the notice of appeal. Plaintiff's Motion for Relief did not toll the time to appeal because it was filed more than 28 days after the entry of judgment. *See Lebahn*, 813 F.3d at 1304. An extension of time that is not permitted by the Federal Rules does not stay the time to appeal. *See Weitz v. Lovelace Health Sys.*, Inc., 214 F.3d 1175, 1179-80 (10th Cir. 2000).

Because of our concern about the timeliness of Plaintiff's appeal, we ordered him to show cause why Appeal No. 17-3123 should not be dismissed for lack of jurisdiction. In response, he argued that "unique circumstances" justified tolling the appeal period. Pl. Br. in Resp., dated June 23, 2017, at 3.[1] Whether knowingly or not, he invoked a doctrine that has permitted courts to consider an untimely notice of appeal "where a party performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer

---

[1] He argued that the extension was justified by unique circumstances because he had undergone open-heart surgery on January 9.

4

that this act has been properly done." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989). In *Weitz,* however, we rejected application of *Osterneck* in the same procedural posture as this case (the district court erroneously extended the time to file a Rule 59(e) motion), because of the "clear prohibition of the extension" in the Federal Rules, and because seeking an extension of time that the Rules expressly prohibit cannot be an act that was "properly done." 214 F.3d at 1179-80. Although the party in that case was represented by counsel and we generally treat pro se litigants more leniently than represented parties, we nevertheless hold pro se litigants to the requirements of the Federal Rules. *See Garrett*, 425 F.3d at 840.

Further, the Supreme Court has now repudiated the use of the unique-circumstances doctrine to avoid the deadline for appeals set in § 2107(a). *See Bowles v. Russell*, 551 U.S. 205, 212-14 (2007). *Bowles* held that the appeal deadline prescribed in § 2107(a) is jurisdictional, *see* 551 U.S. at 209 n.2., and courts have "no authority to create equitable exceptions to jurisdictional requirements," *id.* at 214. Thus, "use of the 'unique circumstances' doctrine [to alter the time limit in § 2107(a)] is illegitimate." *Id.* at 214.

Plaintiff has offered no counter to either of these grounds for rejecting application of the unique-circumstances doctrine to this appeal. We conclude that the notice of appeal from the district court's grant of summary judgment was untimely filed and thus dismiss No. 17-3123 for lack of jurisdiction.

5

B. Recusal Motion.

We review the denial of the Recusal Motion for abuse of discretion. *See United States v. Wells*, 873 F.3d 1241, 1250 (10th Cir. 2017). Plaintiff argued in his Recusal Motion that the district judge was not impartial and should have set aside the judgment and recused himself under 28 U.S.C. § 455. Under § 455(a) a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." § 455(a). "[D]isqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) (internal quotation marks omitted). "[T]he initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The requirements for disqualification under § 455 are not satisfied by "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." *Id*. A judge's familiarity with a party is insufficient grounds for disqualification. *See id*. at 994.

Plaintiff's Recusal Motion utterly fails this standard. We have reviewed his reasons for asserting that the judge was not impartial, and the record evidence

6

supports none of them.  Such unsupported allegations are wholly insufficient to warrant recusal.  We affirm the denial of the Recusal Motion.

Entered for the Court


Harris L Hartz
Circuit Judge