**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**July 1, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DAVID BROWN,

    Petitioner - Appellant,

v.

MICHAEL A. JOHNSTON, Colonel,

    Respondent - Appellee.

No. 22-3055
(D.C. No. 5:21-CV-03010-JWL)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

David Brown, a federal prisoner proceeding pro se[1] and in forma pauperis,

appeals the denial of his 28 U.S.C. § 2241 petition and the denial of his petition for writ

of mandamus. We dismiss his appeal as untimely.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially help determine this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Since Brown is a pro se litigant, we liberally construe his filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), without acting as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## BACKGROUND

On January 8, 2021, Brown filed a § 2241 petition seeking relief from a court-martial conviction. Brown argues he was denied due process in a Discipline and Adjustment Board ("D&A Board") proceeding at the United States Disciplinary Barracks. Brown also filed a writ of mandamus asking the district court to order Respondent to deliver his parole-eligibility documents to the Federal Bureau of Prisons and to conduct his clemency hearing before the next scheduled date on the U.S. Parole Commission's docket.

On September 16, 2021, the district court denied the habeas petition and the writ of mandamus. The court concluded that Brown had received adequate due process at his D&A Board proceeding and that the D&A Board's decision was supported by sufficient evidence. It also concluded that Brown had not met his burden of proof for the mandamus relief sought.

On December 10, 2021, Brown filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b). On February 7, 2022, the district court denied the motion. He then filed a second motion for reconsideration, which was denied on February 28, 2022. On March 11, 2022, Brown simultaneously appealed the final judgment and the denial of his first motion for reconsideration.[2]

---

[2] Brown does not appeal the denial of his second motion for reconsideration.

## DISCUSSION

At issue is the timeliness of Brown's notice of appeal. A timely notice of appeal must be filed 60 days after entry of judgment. Fed. R. App. P. 4(c)(1). Brown's deadline to appeal the final judgment was November 15, 2021. His motions for reconsideration did not extend that deadline. *See* Fed. R. App. P. 4(a)(4)(A)(vi). Thus, his March 11, 2022, notice of appeal was well past the due date. We therefore do not consider his appeal of the final judgment.

But Brown's notice of appeal was timely for the order denying his first motion for reconsideration, so we do consider the merits of that appeal. We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). And we will not reverse absent a showing that the decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (citation omitted).

Brown argues the district court misapprehended facts, failed to cite controlling precedent, and misapprehended his position. We disagree. The district court considered each of Brown's arguments in a well-reasoned and thorough order. On appeal, Brown fails to meet his heavy burden of showing that the trial court abused its discretion. Thus, we affirm the denial of his first motion for reconsideration.

## CONCLUSION

For these reasons, we dismiss Brown's appeal of the final judgment as untimely and affirm the denial of his first motion for reconsideration.

Entered for the Court


Gregory A. Phillips
Circuit Judge