FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

September 12, 2022

Christopher M. Wolpert
Clerk of Court

_____

TAWANNA CREWS,

    Plaintiff - Appellant,

v.

LLOYD J. AUSTIN, III,

    Defendant - Appellee.

No. 22-6028
(D.C. No. 5:20-CV-00489-HE)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **CARSON**, **BALDOCK** and **ROSSMAN**, Circuit Judges.

_____

In this employment discrimination case, Tawanna Crews appeals from a district court order that denied her Fed. R. Civ. P. 60(b) motion to vacate the summary judgment entered in favor of her employer, the United States Department of Defense (DOD). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

At the times relevant to this appeal, Crews worked as a business process analyst for the Defense Logistics Agency (DLA), an agency within the DOD. In May 2020, she sued the Secretary of the DOD, claiming Title VII retaliation and intentional infliction of emotional distress. *See Crews v. Esper* ("*Crews I*"), No. CIV-20-489-HE (W.D. Okla. filed May 24, 2020). In October 2020, she filed another lawsuit against the Secretary based on her work at the DLA, again claiming Title VII retaliation and infliction of emotional distress, but adding a claim for disability discrimination. *See Crews v. Esper* ("*Crews II*"), No. CIV-20-1055-SLP (W.D. Okla. filed Oct. 19, 2020).

In November 2020, the Secretary[1] moved for summary judgment in *Crews I*, arguing, among other things, that Crews had not administratively exhausted her claims. In particular, the Secretary pointed out that Crews had voluntarily waived her right "to pursue an individual administrative complaint and/or engage in the administrative process (either informal or formal) at this time concerning the matters at issue." Aplt. App. at 111; *see also id.* at 42-43. Twice, Crews's counsel asked the Secretary's counsel whether he would object if she requested an extension of time to respond to the motion. But despite counsel's offers not to object, Crews's counsel did not seek an extension of time from the district court and she never filed a response to the summary judgment motion.

---

[1] Lloyd J. Austin, III, is the current DOD Secretary and was automatically substituted as a party in *Crews I* and *II*. *See* Fed. R. Civ. P. 25(d).

On January 11, 2021, the district court granted the Secretary's motion, ruling that Crews had not exhausted the administrative remedies for her Title VII claim and that no basis remained for exercising supplemental jurisdiction over her emotional distress claim. The district court then entered judgment for the Secretary and dismissed *Crews I*.

Five months later, in May 2021, the Secretary moved to dismiss *Crews II* for lack of jurisdiction and failure to state a claim. Crews opposed the motion. On July 7, 2021, the district court granted the Secretary's motion as to Crews's disability and emotional-distress claims but denied the motion as to her Title VII claim. In doing so, the district court noted that *Crews II*'s allegations of disability-based reprisal appeared to distinguish it from *Crews I* and that *Crews I* had been dismissed when Crews failed to respond to the Secretary's summary judgment motion.

On January 11, 2022—exactly one year after the district court entered its judgment in *Crews I*—Crews's counsel filed a Rule 60(b) motion to vacate that judgment. She challenged the district court's administrative-exhaustion ruling and she claimed excusable neglect in failing to respond to the Secretary's summary judgment motion, as she experienced "complications related to a COVID-19 infection that impacted [counsel's] entire immediate family and negatively affected the function of counsel's cardiovascular system." *Id.* at 128. The Secretary opposed the motion. In reply, Crews's counsel asserted she suffered "severe brain fog, shortness of breath, heart palpitations, and chronic pain" for "several months," developed an irregular heartbeat, and had to care for her sick mother and "a terminally ill close relative" who died in late-January 2021.

3

*Id.* at 140-41. In support, counsel submitted her medical records from December 2020 to February 2021.

The district court concluded that Crews did not file her Rule 60(b) motion in a reasonable time and denied it. The court explained that counsel's medical records addressed only the time period ending in February 2021 and did not "justify a failure to take action during the succeeding nine or ten months." *Id.* at 234. Further, the court noted that counsel's symptoms did not prevent her from opposing the Secretary's May 2021 motion in *Crews II*. And despite the court's observation in the July 2021 *Crews II* order that summary judgment had been granted in *Crews I*, that observation "did not trigger further action . . . [a]nd there was no pursuit of relief from the [*Crews I*] order and judgment in the roughly six months [that] followed." *Id.*

## DISCUSSION
### I. Standards of Review

We review the denial of a Rule 60(b) motion for "an abuse of discretion, keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (internal quotation marks omitted). Thus, "[w]e will not reverse the district court's decision on a Rule 60(b) motion unless that decision is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (internal quotation marks omitted).

### II. Timeliness

Federal Rule of Civil Procedure 60(b)(1) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake,

inadvertence, surprise, or excusable neglect." Such a motion "must be made within a reasonable time," but "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). To be clear, "[a] motion is not timely merely because it has been filed within one year of the judgment." *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990). Rather, there must also be a "sufficient justification for the delay." *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (internal quotation marks omitted).

Crews states that her Rule 60(b) "Motion was filed within a reasonable time," Aplt. Br. at 9, and she argues that the district court abused its discretion by not determining whether her counsel's failure in late 2020 and early 2021 to move for an extension of time to oppose summary judgment was excusable neglect, *see Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (observing that factors relevant to excusable neglect "include the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" (brackets and internal quotation marks omitted)). The district court concluded that Crews failed to raise her excusable-neglect claim within a reasonable time. In particular, the district court explained that the medical records submitted by Crews's counsel demonstrated health issues only as late as February 2021, and that Crews's counsel delayed seeking Rule 60(b) relief until January 2022 despite being reminded in July 2021 in *Crews II* of the summary judgment entered in this case. Moreover, the district court explained that "[e]ven if counsel's symptoms were of the 'long haul' variety, they did not

5

prevent counsel from actively opposing the defendant's motion to dismiss in [*Crews II*] in June 2021." Aplt. App. at 234. Crews does not address the district court's reasons for concluding that her Rule 60(b) motion was not brought within a reasonable time.

Because Crews "has not offered sufficient justification for [her] delay, . . . we cannot conclude that the district court abused its discretion in denying [her Rule 60(b)] motion." *White*, 915 F.2d at 1425.

## CONCLUSION

We affirm the district court's judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge