**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 2, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MICHAEL LAWRENCE,

    Plaintiff - Appellant,

v.

BONAVENTURE OF CASTLE ROCK,

    Defendant - Appellee.

No. 25-1053
(D.C. No. 1:22-CV-01143-WJM-KAS)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Plaintiff Michael Lawrence, a disbarred attorney appearing pro se, filed this

action alleging defendant Bonaventure of Castle Rock (Bonaventure) violated Title

VII of the Civil Rights Act of 1964 when it chose not to hire him for a line cook

position.  The district court granted Bonaventure's motion to dismiss for failure to

state a claim and entered judgment in the case.  Mr. Lawrence later filed a motion for

---

   * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

relief from judgment and the district court denied that motion.  Mr. Lawrence now appeals.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In October 2020, Mr. Lawrence interviewed for a line cook position with Bonaventure, which operates a senior living facility in Castle Rock, Colorado.  The interview process included an initial interview with Bonaventure's head chef and a follow-up "working interview."  R. vol. I at 6.  At the end of the working interview, Mr. Lawrence was offered the line cook position, subject to passing a criminal background check.  Mr. Lawrence accepted the offer and agreed to undergo a criminal background check.

The day after Mr. Lawrence accepted the offer, he received a phone call from Bonaventure's head chef informing him that the criminal background check "had turned up a matter that disqualified [Mr. Lawrence] from employment with" Bonaventure.  *Id.*  According to Mr. Lawrence, "the only criminal conviction on his record" was "a forgery conviction from July 2, 2010."  *Id.* at 7.

Mr. Lawrence filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) regarding Bonaventure's refusal to hire him.  Mr. Lawrence alleged a Title VII disparate impact claim based on race.  The EEOC issued a right-to-sue letter in May 2022.

II

Shortly after the EEOC issued the right-to-sue letter, Mr. Lawrence initiated these proceedings by filing a pro se complaint against Bonaventure asserting a claim

2

for relief under Title VII.  In support of that claim, Mr. Lawrence alleged that Bonaventure violated 6 Colo. Code Regs. § 1011–1:7–7 by failing to consider several factors before it decided not to hire him, and ultimately acted illegally by characterizing his "ten-year-old offenses as 'disqualifying felonies.'"  *Id.* at 8–9.  Mr. Lawrence further alleged he is Hispanic and that Bonaventure's conduct, though "facially neutral," violated his civil rights under Title VII because it "ha[d] a discriminatory effect on Hispanics, who are convicted of crimes at a rate disproportionately higher than whites."  *Id.* at 10.

Bonaventure moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Colorado legislature did not create a private cause of action to enforce the regulation cited by Mr. Lawrence, and even if the court were to interpret the complaint as asserting a Title VII claim separate from the Colorado regulation, Mr. Lawrence failed to timely exhaust his administrative remedies with the EEOC and the complaint failed to state a plausible claim for relief under Title VII.

The magistrate judge recommended granting Bonaventure's motion to dismiss. The magistrate judge noted in support that Mr. Lawrence "provided no legal authority that permits a Title VII disparate impact claim based on a failure to follow a state . . . regulation" and that, in any event, "such claim should be rejected in light of the fact that there is no private right of action against an employer who fails to follow the [Colorado] regulation."  *Id.* at 136.  The magistrate judge also concluded that Mr. Lawrence failed to exhaust his administrative remedies.

3

The district court adopted the magistrate judge's recommendation, dismissed the complaint with prejudice, and entered final judgment in the case.

Over seven months after the entry of final judgment, Mr. Lawrence filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). He argued that the judgment "exceed[ed] the court's jurisdiction and thus [wa]s void" because "[t]he judge . . . disregarded the rule of law and the limits placed on his authority" by dismissing the complaint "[d]espite the EEOC's findings and the overwhelming evidence in support of concluding the Complaint . . . was sufficient." R. vol. II at 3–4. Mr. Lawrence further argued that the district court "attempted to overrule an administrative decision that was not arbitrary and capricious" and it "had no authority to do that." *Id.* at 4. Lastly, Mr. Lawrence argued that "[t]he EEOC's ruling was plausible and correct, even if the court disagreed with it." *Id.* at 5.

The district court issued a written order denying Mr. Lawrence's motion. The district court noted that his "purported jurisdictional argument is that the Court was limited to reviewing whether the EEOC's issuance of a Notice of Right to Sue was arbitrary and capricious." *Id.* at 122 (internal quotation marks omitted). The district court concluded, however, that "the arbitrary and capricious standard [Mr. Lawrence] recites is not a jurisdictional rule but instead the appropriate standard of review district courts apply when reviewing agency action pursuant to the Administrative Procedures Act" (APA). *Id.* "In any case," the district court concluded, "the relevant issue here was not the lawfulness of any action taken by the EEOC pursuant to the APA but whether, in the Court's view, [Mr. Lawrence] timely exhausted his

4

administrative remedies as to the Title VII disparate impact claim pending before it." *Id.* at 122–23. The district court further concluded that Mr. Lawrence's "motion otherwise seeks to relitigate the correctness of the Court's finding that he failed to exhaust his administrative remedies before filing suit." *Id.* at 123. As to that issue, the district court noted that "[t]wo judges ha[d] already twice considered and rejected [Mr. Lawrence's] arguments on this point," and it concluded it would not revisit those arguments. *Id.* Mr. Lawrence's "appropriate course of action," the district court noted, "would have been to file a direct appeal" rather than a motion for relief from judgment. *Id.* Ultimately, the district court concluded this was not "one of those rare instances where relief from judgment [wa]s warranted due to a jurisdictional error." *Id.* (internal quotation marks and brackets omitted).

Mr. Lawrence now appeals.

III

We begin by outlining the limited scope of our review in this case. It is well established that we have "jurisdiction only to review district court judgments from which a timely notice of appeal has been filed." *Lebahn v. Owens*, 813 F.3d 1300, 1304 (10th Cir. 2016). "Ordinarily, a notice of appeal must be filed within thirty days after the entry of the judgment or order appealed from." *Id.* (citing Fed. R. App. P. 4(a)(1)(A)). "Although a motion under . . . Rule 60 may toll a party's time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(4)(A), that tolling provision is triggered only by filing a . . . Rule 60 motion within twenty-eight days of

5

the judgment." *Id.* A "Rule 60 motion filed outside of this twenty-eight-day window therefore does not enlarge a party's time to appeal." *Id.*

Here, the district court dismissed Mr. Lawrence's complaint and entered judgment on October 23, 2023. Mr. Lawrence filed his motion for relief from judgment pursuant to Rule 60(b)(4) on June 5, 2024, well outside of the twenty-eight-day window that "could successfully toll his time to file a notice of appeal from the district court's" judgment. *Id.* As a result, Mr. Lawrence's notice of appeal, which he filed after the district court denied his motion for relief from judgment, is untimely with respect to the district court's October 23, 2023 judgment. We therefore "lack[] jurisdiction to consider any challenges to the district court's order granting [Bonaventure's] motion to dismiss." *Id.*

That means that Mr. Lawrence's notice of appeal is "timely only with respect to, and our review is therefore limited to, the district court's denial of Rule 60(b) relief." *Id.* at 1304–05. "And that review is ordinarily limited to whether the district court abused its discretion in denying relief from judgment." *Id.* at 1305; *see Waetzig v. Halliburton Energy Servs., Inc.*, 145 F.4th 1279, 1282 (10th Cir. 2025) (same). A district court abuses its discretion if its decision "is arbitrary, capricious, or whimsical," or "if it based its ruling on an erroneous view of the law." *Waetzig*, 145 F.4th at 1282 (internal quotation marks omitted).

Of the arguments that Mr. Lawrence asserts in his opening brief, the only one that pertains to the district court's denial of his Rule 60(b)(4) motion is his argument that the judgment was void because the district court "exceed[ed] its jurisdiction"

6

when it determined that his Title VII claim was not cognizable.[1]  Aplt. Br. at 8.

Mr. Lawrence raised that argument in his Rule 60(b) motion, but the district court

rejected it, concluding that Mr. Lawrence's "jurisdictional" challenge amounted to

nothing more than disagreement with the district court's conclusion that

Mr. Lawrence failed to exhaust his administrative remedies with respect to his

Title VII disparate impact claim.

After reviewing the record on appeal and Mr. Lawrence's appellate pleadings,

we find no abuse of discretion on the part of the district court in denying

Mr. Lawrence's motion for relief from judgment.  As the district court correctly

noted, relief under Rule 60(b)(4) is generally reserved "only for the exceptional case

in which the court that rendered judgment lacked even an 'arguable basis' for

jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010);

*see Johnson v. Spencer*, 950 F.3d 680, 697 (10th Cir. 2020) (affirming denial of

Rule 60(b)(4) motion).  The district court had not only an arguable, but an

indisputably legitimate, basis for exercising jurisdiction over Mr. Lawrence's

complaint.  Specifically, the district court had original jurisdiction over the matter

pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e–5(f)(3) because Mr. Lawrence

asserted a claim for relief under Title VII.  *See Fort Bend Cnty., Tex. v. Davis*,

587 U.S. 541, 550 (2019) ("Federal courts exercise jurisdiction over Title VII actions

---

[1] The remainder of Mr. Lawrence's arguments challenge the district court's decision to grant Bonaventure's motion to dismiss the complaint.  As noted, we lack jurisdiction to entertain those arguments.

pursuant to 28 U.S.C. § 1331's grant of general federal-question jurisdiction, and Title VII's own jurisdictional provision, 42 U.S.C. § 2000e–5(f)(3)").  Notably, Mr. Lawrence's Rule 60(b)(4) motion did not challenge that jurisdictional basis, but rather challenged the district court's conclusion that Mr. Lawrence failed to exhaust his administrative remedies.

IV

We affirm the district court's denial of Mr. Lawrence's motion for relief from judgment.

Entered for the Court

Carolyn B. McHugh
Circuit Judge