**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 13, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

EDUARDO ALBERTO VLAHOS,

    Plaintiff - Appellant,

v.

OLD CHICAGO RESTAURANT; JOHN
JOHNSON, individually and in his official
capacity as JRG RESTAURANT OWNER,

    Defendants - Appellees.

No. 25-8015
(D.C. No. 2:23-CV-00212-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Eduardo Vlahos worked at Old Chicago Restaurant. The restaurant fired him

for passing counterfeit money, conduct he denies. He sued the restaurant and its

owner in federal court, raising several claims. As an exhibit to his complaint, he

filed a document purporting to be an email from a state judge addressing a pending

criminal prosecution and saying that Mr. Vlahos clearly had not passed the

counterfeit bills. The federal district court dismissed the complaint without prejudice

---

[*] Oral argument would not help us decide this appeal, so we have decided it
based on the record and Mr. Vlahos's brief. _See_ Fed. R. App. P. 34(a)(2)(C);
10th Cir. R. 34.1(G). This decision is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited
for its persuasive value. _See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal order questioned the authenticity of the email purportedly from the state judge. Mr. Vlahos did not appeal that order.

More than eight months after the dismissal, however, Mr. Vlahos moved for reconsideration. He argued the email from the state judge amounted to an improper, "external" influence on the federal court's dismissal decision. R. at 24. And he claimed that new evidence would prove the email's authenticity. He also attached an updated complaint, which mirrored the original in many respects but also contained some additional information.

The district court denied relief. It treated the reconsideration motion as a request for relief from a judgment under Federal Rule of Civil Procedure 60(b) and concluded Mr. Vlahos was not entitled to relief under that rule. Overlooking the fact that Rule 60(b) itself does not authorize the filing of a new complaint, the court assessed Mr. Vlahos's updated complaint on the merits. It concluded the updated complaint had the same flaw as the original: Neither complaint alleged facts connecting any of the claims to Old Chicago's actions. And so the court dismissed the updated complaint with prejudice.

In this appeal, Mr. Vlahos leaves the district court's analysis largely unchallenged.[1] He does not dispute the decision to treat his motion as one seeking

---

[1] We have jurisdiction to review only the order denying Rule 60(b) relief and dismissing the updated complaint. *See Lebahn v. Owens*, 813 F.3d 1300, 1304–05 (10th Cir. 2016). We cannot review the order dismissing the original complaint. *See*

2

relief under Rule 60(b) or attempt to explain why the motion warranted relief under the rule. Nor does he try to persuade us that his updated complaint actually did allege facts linking his claims to Old Chicago's actions.[2] We have construed his brief liberally, but we cannot create arguments where he has failed to do so. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Although Mr. Vlahos never grapples with the district court's reasoning, he does claim the court's order demonstrates bias. This claim stems from Mr. Vlahos's insistence that the email purportedly authored by the state judge was indeed authentic. The email proves the state judge and prosecutor acted illegally, Mr. Vlahos's argument goes, so the federal district court must have dismissed his case to cover up those illegal actions.

The record contains no evidence of judicial bias. For starters, "judicial rulings alone almost never constitute a valid basis for a bias" claim. *Liteky v. United States*, 510 U.S. 540, 555 (1994). And even if we assume the email was authentic, we still have no reason to think the federal court sought to cover up any wrongdoing it revealed.

---

*id.* So to the extent Mr. Vlahos argues that order reflected improper bias, we do not consider that argument.

[2] Mr. Vlahos's unsupported assertions that he "had proper claims" and that "relief could have been granted," Aplt. Br. at 2, do not amount to arguments triggering our review, *see United States ex rel. Boothe v. Sun Healthcare Grp., Inc.*, 496 F.3d 1169, 1175 (10th Cir. 2007).

3

*    *    *

We grant Mr. Vlahos's motion to proceed without prepaying costs or fees.  We affirm the district court's order.

Entered for the Court


Joel M. Carson III
Circuit Judge