**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEITH CLAYTON BROOKS, JR.,

    Plaintiff - Appellant,

v.

DAVID GABRIEL, Captain CDOC,
individually and in his official capacity;
MATHILL-AARON, Sergeant CDOC,
individually and in her official capacity;
JAMES GILLIS, Lieutenant CDOC,
individually and in his official capacity;
ANGEL MEDINA, Warden CDOC,
individually and in his official capacity;
JULI JOFFE, CDOC, individually and in
her official capacity; JACKSON,
Lieutenant, individually and in his official
capacity; AMY COSNER, Legal Assistant
CDOC, individually and in her official
capacity,

    Defendants - Appellees.

No. 17-1358
(D.C. No. 1:13-CV-02213-CMA-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Keith Clayton Brooks, Jr., a Colorado inmate, brought this pro se civil rights action against several prison officials whom he claims violated his constitutional rights. After dismissing two claims as legally frivolous, the district court referred the case to a magistrate judge, who recommended dismissal of most of the remaining claims. Without objection from Mr. Brooks, the district court adopted that recommendation in part, dismissed the majority of the claims, and later granted summary judgment on the rest. The court also denied two post-judgment motions for reconsideration filed by Mr. Brooks, who now appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I

Mr. Brooks alleged that prison officials at Colorado's Limon Correctional Facility wrongly identified him as a gang member or "security threat group" (STG), R. at 28 (internal quotation marks omitted), twice denied him lunch for holding the dining-hall door open for other inmates, and improperly placed him in segregation. He asserted these actions were in response to his efforts to remove the STG designation from his record, administrative grievances that he filed, and a state court action that he initiated to contest grievance restrictions imposed against him. Mr. Brooks claimed the retaliatory conduct violated his First, Sixth, Eighth, and Fourteenth Amendment rights.

On initial screening, the district court dismissed two claims as legally frivolous. The court then referred the case to a magistrate judge who, on August 14, 2014, recommended that the bulk of the remaining claims be dismissed. Mr. Brooks and defendants sought extensions of time to object to the magistrate judge's report and recommendation, but Mr. Brooks never filed his objections. Instead, the day after the

2

extended deadline expired, he requested another extension. The district court denied his request, and, on September 25, 2014, adopted the recommendation in part and dismissed most of the pending claims.[1]

At that point, the dismissal left three First Amendment retaliation claims pending against Sergeant Mathill, Captain Gabriel, and Lieutenant Gillis. These defendants moved for summary judgment, and, on August 19, 2016, the magistrate judge recommended that their motion be granted. Again, Mr. Brooks failed to timely object, and when the time for doing so expired, the district court adopted the recommendation and granted summary judgment. Final judgment entered on September 7, 2016.

Two days later, however, on September 9, 2016, Mr. Brooks moved the district court for an extension of time to object to the magistrate judge's August 19, 2016 report and recommendation. Then, on September 30, 2016, he filed objections and also filed a Fed. R. Civ. P. 59(e) motion for reconsideration of the entry of summary judgment. The district court granted the extension and accepted the objections as timely. On August 17, 2017, Mr. Brooks filed renewed objections to the magistrate judge's August 19, 2016 report and recommendation, as well as a renewed Rule 59(e) motion from the entry of summary judgment. On September 18, 2017, the court considered Mr. Brooks' objections, confirmed on de novo review that summary judgment was proper, and denied the Rule 59(e) motions. Mr. Brooks subsequently filed a notice of appeal on October 10, 2017.

---

[1] Mr. Brooks filed an interlocutory appeal from the denial of his request for an extension, but we dismissed for lack of jurisdiction. *See Brooks v. Medina*, No. 14-1411 (10th Cir. Dec. 10, 2014).

II

*A. Scope of Appeal*

We first define the scope of this appeal. Mr. Brooks' notice of appeal does not designate the final judgment for review. *See Sylvia v. Wisler*, 875 F.3d 1307, 1323 (10th Cir. 2017) ("[A] notice of appeal which names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment." (internal quotation marks omitted)). Rather, the notice of appeal lists only two orders: the "order granting summary judgment" and the "order of dismissal/denying reconsideration." R. at 574 (capitalization omitted). The former refers to the September 7, 2016 order granting summary judgment, and the latter refers to the September 18, 2017 order denying his Rule 59(e) motions for reconsideration.

In his briefs, Mr. Brooks does not challenge the district court's initial dismissal of two claims as legally frivolous, but he does contest all other dispositive rulings, including the orders granting summary judgment and denying reconsideration, as well as the earlier September 25, 2014 dismissal order, which adopted in part the magistrate judge's August 14, 2014 recommendation to dismiss many of his claims. However, because Mr. Brooks did not designate the September 25, 2014 order in his notice of appeal, and did not object to the magistrate judge's underlying August 14, 2014 report and recommendation, we will not review the claims adjudicated by the September 25, 2014 order.

*1. Notice of Appeal*

A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). "We lack jurisdiction to review orders not

4

identified in the notice of appeal or its functional equivalent." *Lebahn v. Owens*, 813 F.3d 1300, 1304 n.2 (10th Cir. 2016) (internal quotation marks omitted). Although a technical error in designating the judgment appealed from should not defeat an appeal, the appeal must be otherwise proper, we must be able to infer the intent to appeal, and there must be no prejudice to the opposing party. *See Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010); *see also Artes-Roy v. City of Aspen*, 31 F.3d 958, 961 n.5 (10th Cir. 1994) ("[A]n appeal from the denial of a Rule 59 motion will be sufficient to permit consideration of the merits of the summary judgment, if the appeal is otherwise proper, the intent to appeal from the final judgment is clear, and the opposing party was not misled or prejudiced." (internal quotation marks omitted)).

Mr. Brooks failed to designate the September 25, 2014 interlocutory dismissal order in his notice of appeal, but even if he intended to appeal that order or it merged with the orders granting summary judgment and denying Rule 59(e) relief, we still could not review the September 25, 2014 dismissal order because Mr. Brooks failed to object to the magistrate judge's underlying report and recommendation dated August 14, 2014.

### 2. *Firm Waiver Rule*

Under our firm waiver rule, a litigant's failure to object to the magistrate judge's report and recommendation "waives appellate review of both factual and legal questions." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (internal quotation marks omitted). To preserve an issue, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The firm waiver "rule

5

does not apply, however, when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (italics and internal quotation marks omitted).

The first exception does not apply because the magistrate judge informed the parties of the time for objecting and the consequences of failing to do so. *See* R. at 183-84. We need not consider the second exception because Mr. Brooks offers no reason why the interests of justice require that we review his dismissed claims. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."). Although we liberally construe Mr. Brooks' pro se materials, "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted). Mr. Brooks' failure to object to the magistrate judge's August 14, 2014 report and recommendation waived review of all claims adjudicated by the district court's September 25, 2014 order adopting that recommendation in part and dismissing the relevant claims.

*B. Merits*

This leaves the district court's grant of summary judgment and denial of reconsideration on three First Amendment retaliation claims against Sergeant Mathill, Captain Gabriel, and Lieutenant Gillis. "We review the district court's summary judgment order de novo, and apply the same legal standards as the district court." *Doe v.*

6

*City of Albuquerque*, 667 F.3d 1111, 1122 (10th Cir. 2012). "Summary judgment should be granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(a)). We review the denial of a Rule 59(e) motion for an abuse of discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

"[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks omitted). At the same time, "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform," so "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010) (internal quotation marks omitted). In the First Amendment context, a retaliation claim requires an inmate to establish:

> (1) that [he] was engaged in constitutionally protected activity; (2) that the defendant's actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to [the inmate's] exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). This last element requires the inmate to "prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Peterson*, 149 F.3d at 1144 (internal quotation marks omitted).

Applying these principles, the district court granted summary judgment on the three surviving retaliation claims because Mr. Brooks failed to provide evidence that, but

7

for a retaliatory motive, defendants would not have taken the allegedly adverse actions. We affirm for substantially the same reasons stated by the district court, which analyzed the claims as follows:

*1. Sergeant Mathill & Captain Gabriel*

According to the record, Mr. Brooks filed a state action on September 28, 2011, challenging prison officials' imposition of grievance restrictions against him. The next day, on September 29, Sergeant Mathill denied him a lunch for holding the prison dining-hall door open for other inmates. Sergeant Mathill denied him a second lunch on October 4, after he again insisted on holding the dining-hall door open for other inmates. Mr. Brooks filed an emergency grievance following the first lunch incident, but Captain Gabriel denied it, and, after the second lunch incident, Mr. Brooks was placed in segregation. Based on these events, Mr. Brooks claimed that Sergeant Mathill and Captain Gabriel retaliated for exercising his First Amendment rights.

The district court properly granted summary judgment on this claim. With regard to Sergeant Mathill, the court recognized there was no evidence that, but for a retaliatory motive, he would have received his lunches. Instead, as the court explained, the record indicates that Mr. Brooks was denied two lunches because he violated the prison's posted operational rules by holding the lunch door open rather than "proceed[ing] directly to the serving line window," R. at 432. This regulation, the court correctly concluded, is related to a legitimate penological interest in suppressing gang communications.

Regarding Captain Gabriel, the court correctly determined that Mr. Brooks failed to provide evidence indicating that, but for a retaliatory motive, Captain Gabriel would

not have denied his emergency grievance. Captain Gabriel's response to the grievance stated it would "be routed through normal grievance channels" because, contrary to the standards for implementing the emergency grievance procedures, it failed "to articulate . . . any indication of potential risk to [his] life or safety or irreparable harm to [his] health." *Id.* at 433. Although Mr. Brooks also alleged that Captain Gabriel retaliated by confining him in segregation, the district court recognized there was no evidence that Captain Gabriel personally participated in the decision to place him in segregation. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013) ("Individual liability under [42 U.S.C.] § 1983 must be based on the defendant's personal involvement in the alleged constitutional violation." (brackets and internal quotation marks omitted)).

### 2. *Sergeant Mathill*

Mr. Brooks also claimed that Sergeant Mathill retaliated by filing a disciplinary report for disobeying a lawful direct order. He asserted the disciplinary report was "for complying with her order to return to [his] unit" after the lunch incidents, and because he had filed grievances and made "verbal protests" against her. R. at 33-34. The district court correctly determined, however, that Mr. Brooks failed to cite any evidence suggesting that, but for a retaliatory motive, Sergeant Mathill would not have filed the disciplinary report. Rather, as the court observed, the record indicates that the disciplinary report was a direct result of Mr. Brooks' non-compliance with the posted operational rules. *See id.* at 429, para. 24-25 (Mathill Aff. indicating she wrote the disciplinary report resulting in Brooks' segregation based on the lunch incidents).

9

Mr. Brooks suggested the temporal proximity between his grievances, the state-court action, and the disciplinary report demonstrated a causal connection, but the district court properly rejected that argument. *See Trant v. Oklahoma*, 754 F.3d 1158, 1170 (10th Cir. 2014) (recognizing under the same First Amendment test applicable here that "temporal proximity between [protected activity] and the alleged retaliatory conduct, without more, does not allow for an inference of a retaliatory motive").

### 3. *Lieutenant Gillis*

Finally, Mr. Brooks alleged that he attempted to remove the STG designation from his inmate file but Lieutenant Gillis impeded his efforts. He claimed that once he succeeded in getting the STG designation removed from his record, Lieutenant Gillis retaliated by filing a false disciplinary report. The report charged Mr. Brooks with making threats in a letter that was discovered with his property, although Mr. Brooks claimed the charge was pretext for retaliation because he filed prison grievances and contested the STG designation.

The district court recognized that the record does not support Mr. Brooks' claim. The court noted that Lieutenant Gillis helped Mr. Brooks successfully remove the STG designation from his record. Yet afterwards, another officer gave Lieutenant Gillis a letter found in Mr. Brooks' property. The letter stated, in part: "I'm going to fight the police just as hard as I'm gonna fight you." R. at 436, para. 14; *see id.* at 438 (disciplinary report documenting contents of letter). Lieutenant Gillis interpreted the letter as a threat and wrote a disciplinary report, choosing the most appropriate charge available, "threats," *id.* at 438. Given the language in the letter and the absence of

countervailing evidence, the district court correctly concluded that Mr. Brooks failed to show that, but for a retaliatory motive, Lieutenant Gillis would not have written the disciplinary report. Instead, as the court observed, Lieutenant Gillis wrote the report based on legitimate penological interests in securing the prison and suppressing gang activity.

As for the denial of relief under Rule 59(e), the foregoing discussion demonstrates that Lieutenant Gillis and the other defendants were entitled to summary judgment on these claims. It follows, then, that the district court did not abuse its discretion in denying reconsideration, particularly where Mr. Brooks identified no proper basis for granting relief under Rule 59(e). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.").

III

The district court's judgment is affirmed. Mr. Brooks' motion to proceed on appeal without prepayment of costs and fees is granted. The relevant statute, 28 U.S.C. § 1915(a)(1), does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees. Although we have disposed of this matter on the merits,

Mr. Brooks remains obligated to pay all filing and docketing fees. He is directed to pay the fees in full to the Clerk of the District Court for the District of Colorado.


Entered for the Court


Mary Beck Briscoe
Circuit Judge