**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 31, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MICHAEL FARROW,

     Plaintiff - Appellant,

v.

TULUPIA, Officer; RAMIREZ, Officer;
EDLIN BARRAZA, Officer;
DEANGELIS, Officer; SNELLING,
Officer; BEHRINGER, Officer; RIVAS,
Officer; HULEN, Officer; MARTINEZ,
Officer; OTT, Officer; WELT, Officer;
POLAMIREZ, Officer; GOMEZ, Officer;
HOUSTON, Officer; COSTA, Officer;
KIM HURT, Nurse; LOPEZ, Nurse;
DURMOLA, Nurse; GEORGE
BRAUCHLER; FIELDS, Deputy Director,
Arapahoe County District Attorney,

     Defendants - Appellees.

No. 21-1027
(D.C. No. 1:19-CV-02533-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Michael Farrow, a pro se Colorado prisoner, appeals from a district court order denying reconsideration of its order dismissing his civil-rights complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## BACKGROUND

In September 2019, Farrow sued detention officers, nurses, and district attorneys for conduct that occurred in 2015 while he was incarcerated in the Aurora, Colorado Municipal Detention Center. A magistrate judge screened the complaint, noted various pleading defects, and directed Farrow, who was then incarcerated at the Sterling Correctional Facility, to file an amended complaint. In February 2020, Farrow filed a notice of address change indicating he had been transferred to the Buena Vista Correctional Complex (BVCC) in Buena Vista, Colorado. But he did not file an amended complaint.

On March 24, 2020, a magistrate judge recommended dismissing the complaint without prejudice because it lacked a short and plain statement showing Farrow's

---

[1] Farrow did not file a notice of appeal from the district court's order denying reconsideration within thirty days of the order's entry. *See* Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal in a civil case must be filed within thirty days of the order or judgment's entry). But he subsequently filed a motion to reopen the time to appeal along with a notice of appeal, and he asked the district court to process the notice once it had addressed his motion. The district court granted the motion and reopened the time to appeal. *See id.* 4(a)(6) (allowing the district court to reopen the time to appeal for 14 days if, among other things, the motion to reopen is filed within 180 days after the order or judgment is entered). Farrow's notice of appeal then became effective, conferring jurisdiction on this court. *See N. Am. Specialty Ins. Co. v. Corr. Med. Servs., Inc.*, 527 F.3d 1033, 1039-40 (10th Cir. 2008) (holding that a district court's grant of a Rule 4(a)(5) motion to extend the appeal period validated a previously filed notice of appeal).

entitlement to relief. *See* Fed. R. Civ. P. 8(a)(2). Specifically, the complaint provided only conclusory allegations, failed to identify the defendants' personal participation in alleged constitutional violations, appeared barred by the statute of limitations and the doctrine of prosecutorial immunity, and identified no basis for municipal liability. The district court mailed the recommendation to Farrow at the Buena Vista Correctional Facility (BVCF), which is one of three facilities at BVCC and has the same address.

The next day, on March 25, Farrow filed a motion seeking appointed counsel. Also, he indicated he had been transferred on March 17 to the Centennial Correctional Facility for mental-health treatment and he needed a stay of the proceedings.

Because Farrow was no longer at BVCF, the postal service returned the magistrate judge's recommendation to the court as undeliverable. On May 4, the district court denied Farrow's request for a stay and appointment of counsel but gave him an additional thirty days to object to the recommendation. The court mailed both the order extending time and the magistrate judge's recommendation to BVCF, as the Colorado Department of Corrections' inmate-locator website indicated he had returned there.

Farrow next filed a motion requesting a summary of the court's actions, stating he had not received any court document since January 2020. He also provided a notice-of-address change, dated May 7, confirming his return to BVCF. On May 14, the district court granted Farrow's request and mailed a copy of the docket to his BVCF address.

On June 16, the district court noted that Farrow had not filed an objection to the magistrate judge's recommendation. The district court then adopted the recommendation and dismissed Farrow's complaint for failure to comply with Rule 8.

On August 7, Farrow filed a "Motion to Alter Judgement [sic]," seeking reconsideration of the order adopting the magistrate judge's recommendation and dismissing his complaint. R. at 120. He stated in an accompanying affidavit that he had not received the recommendation and that the last document he received was a February 2020 notification that the court had filed his notice of address change.

The district court construed Farrow's motion as seeking relief under Fed. R. Civ. P. 60(b),[2] and it denied the motion for two reasons. First, the court ruled that Farrow's allegations in his affidavit were conclusory and insufficient to rebut the presumption that he had received the magistrate judge's March 2020 recommendation. The court explained that although the recommendation had initially been returned as undeliverable, it was resent to his BVCF address on May 4 along with the order extending the response time, and those documents were not returned by the postal service. Nor were any other court documents returned as undeliverable. Second, the court noted that Farrow failed to challenge any of the recommendation's findings or conclusions. Thus, the district court determined that Farrow presented no extraordinary circumstance to warrant vacating its order dismissing his complaint.

---

[2] "A litigant seeking reconsideration must file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from judgment under Fed. R. Civ. P. 60(b)." *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010). Rule 60(b) is the appropriate vehicle for reconsideration if the motion was filed more than 28 days after the judgment's entry. *Id.* at 1178 nn.2 & 3.

## DISCUSSION

We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. *See Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). "We will not reverse the district court's decision on a Rule 60(b) motion unless that decision is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (internal quotation marks omitted). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Id.* (internal quotation marks omitted). Because Farrow is pro se, "we construe his pleadings liberally, but we do not act as his advocate." *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

Farrow argues the district court erred by concluding he failed to show non-receipt of the magistrate judge's recommendation. He contends that his affidavit, by itself, established non-receipt. We disagree.

"A rebuttable presumption of receipt . . . arise[s] on evidence that a properly addressed piece of mail is placed in the care of the postal service." *Witt v. Roadway Express*, 136 F.3d 1424, 1429-30 (10th Cir. 1998). Farrow does not argue that the district court mailed the recommendation to the wrong address on May 4. Indeed, the district court mailed the recommendation to his BVCF address after checking the inmate-locator website, and Farrow prepared a notice of address change reflecting BVCF as his address only a few days later. Unlike the initial mailing of the recommendation in March 2020, the recommendation and extension order were not returned by the postal service.

Nevertheless, Farrow alleges that the district court "pretended to send [him] orders that they never actually mailed or intentionally addressed the mail incorrectly so [he]

5

would not receive them." Aplt. Br. at H. But he cites no evidence supporting this allegation. And although he acknowledged in his affidavit that he could ask the prison's mailroom to "provide [him] a copy of all the Legal mail for the 2020 calendar year," R. at 126, he did not do so to support his motion for reconsideration. We agree with the district court that Farrow did not rebut the presumption that he received the recommendation and extension order that were mailed to him in May 2020.

As for the district court's observation that Farrow did not address in his motion any of the magistrate judge's findings or conclusions, Farrow contends that "it was not appropriate" to raise objections in his motion. Aplt. Br. at F. But one of the functions of Rule 60(b) is to relieve a party from a judgment entered due to mistake or inadvertence. *See* Fed. R. Civ. P. 60(b)(1). Because Farrow did not attempt to show that the magistrate judge's recommendation to dismiss his complaint was incorrect, he was not entitled to relief. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating that a "motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law").

We conclude the district court did not abuse its discretion in denying Farrow's motion for reconsideration.[3]

---

[3] To the extent Farrow challenges the district court's rulings on matters other than its denial of reconsideration, such as its denial of court-appointed counsel and a stay of the proceedings, we lack jurisdiction. *See LaFleur v. Teen Help*, 342 F.3d 1145, 1153-54 (10th Cir. 2003) (stating that review of the District Court's "decision on the post-judgment motion does not include [challenges to] the underlying judgment or prejudgment orders").

**CONCLUSION**

We affirm the district court's judgment.  We grant Farrow's motion to proceed on appeal in forma pauperis.

Entered for the Court


Nancy L. Moritz
Circuit Judge