**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**August 24, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JASON SHANTEL GOSSETT,

    Plaintiff - Appellant,

v.

DON HELPHINSTINE; BEN FLOWERS;
BILL BASHEAR; DARREN ROGERS;
PHIL HURST; BRETT MORTON;
ACTING MURRAY COUNTY
COMMISSIONER,

    Defendants - Appellees.

No. 22-7001
(D.C. No. 6:21-CV-00134-RAW-SPS)
(E.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.[**]
_____

Jason Gossett, an Oklahoma state prisoner proceeding pro se, seeks to appeal

various district court orders that (1) dismissed this civil action, and (2) denied relief

under Rule 60(b). His notice of appeal was only timely with respect to the Rule

60(b) ruling, and our review is therefore limited to that ruling. Because Gossett has

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

not demonstrated that the district court abused its discretion by denying Rule 60(b) relief, we affirm the district court's judgment.

Gossett filed this civil action against several government officials under 42 U.S.C. § 1983, seeking relief for alleged constitutional violations related to his arrest, criminal conviction, and conditions of confinement.  The district court issued an opinion and order in which it dismissed some of Gossett's claims for failing to state a claim upon which relief could be granted, explained how the remaining claims needed to be pleaded to comply with Rule 8 of the Federal Rules of Civil Procedure, and ordered Gossett to file a second amended complaint within twenty-one days of the entry of the opinion and order.  The court warned Gossett that "[f]ailure to comply with this Order will result in dismissal of this action without further notice." The court subsequently extended the deadline for an additional twenty-one days, again warning Gossett that the action would be dismissed if he did not comply with the order to file a second amended complaint.  Rather than filing a second amended complaint, however, Gossett simply filed a motion in which he asserted that a second amended complaint was unnecessary.  The court therefore dismissed the action without prejudice based on Gossett's failure to comply with the court's order.  *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007).

More than twenty-eight days later, Gossett filed a motion that the district court construed as a Rule 60(b) motion for relief from the judgment.  The district court held that Gossett had not shown he was entitled to relief under Rule 60(b), and the

2

court accordingly denied the motion. Gossett then filed a notice of appeal, in which he stated he was appealing "any and or all opinions."

Because Gossett did not file a notice of appeal or post-judgment motion within twenty-eight days after the district court issued its order of dismissal, this court lacks jurisdiction to review any challenges to that order. *See Lebahn v. Owens*, 813 F.3d 1300, 1304 (10th Cir. 2016). Gossett's notice of appeal was timely only with respect to the district court's order denying Rule 60(b) relief, and our review is therefore limited to that ruling. *See id.*

"We review the district court's denial of a Rule 60(b) motion for abuse of discretion," considering only the denial of Rule 60(b) relief and not the merits of the underlying judgment. *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1009 (10th Cir. 2000). On appeal, Gossett does not address the Rule 60(b) factors, nor does he otherwise dispute the district court's denial of relief under Rule 60(b). Moreover, we have independently reviewed the record and pertinent cases, and we are persuaded the district court did not abuse its discretion by denying Gossett's post-judgment motion for relief from the judgment. *See id.* (explaining that Rule 60(b) relief is extraordinary and should be granted only in extraordinary circumstances).

The district court's judgment is accordingly **affirmed**.

Entered for the Court


Michael R. Murphy
Circuit Judge

3