FILED
United States Court of Appeals
Tenth Circuit

October 18, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ALEXANDER GARCIA,

    Plaintiff - Appellant,

v.

HEFNER, Deputy ACDF; TITUS,
Deputy ACDF Housing; JOHN DOE,
Deputy ACDF; YNIGUEZ, Deputy ACDF;
MOHR, Deputy ACDF; TITUS,
Deputy ACDF Medical,

    Defendants - Appellees.

No. 21-1420
(D.C. No. 1:19-CV-00555-CMA-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Alexander Garcia appeals the dismissal of his pro se civil rights action and the

denial of post-judgment relief under Federal Rule of Civil Procedure 60(b).[1]  Because

Mr. Garcia's notice of appeal is untimely as to the underlying judgment of dismissal,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Garcia's pro se filings, but we do not act as his
advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

we dismiss this appeal in part for lack of jurisdiction. As to the denial of post-judgment relief, we have jurisdiction under 28 U.S.C. § 1291 and affirm.

I

Mr. Garcia initiated this action in early 2019, alleging violations of his constitutional rights as a pretrial detainee at the Adams County Detention Facility. By November 2020, the litigation had made little progress, and Mr. Garcia failed to respond to discovery requests or sit for his deposition, despite receiving an extension of time to do so. Thus, defendants moved to dismiss for lack of prosecution. *See* Fed. R. Civ. P. 41(b). A magistrate judge directed Mr. Garcia to show cause why the case should not be dismissed, but he failed to respond, so the district court dismissed the action with prejudice on December 2, 2020. Mr. Garcia did not timely appeal.

Instead, on April 21, 2021, Mr. Garcia moved to set aside the judgment under Rule 60(b)(1) based on his work obligations, the Covid-19 pandemic, and defense counsel's failure to inform the district court that he had attempted to contact them. He explained that, during the pandemic, he "found himself in an adverse situation of both legal choices and personal obligation as well as business obligation when [he was] limited to only one project of 6 months . . . ." R., vol. 1 at 35. But he chose to prosecute this case, so he notified defense counsel that he was "out of town . . . working on a project that [he was] contractually and morally obligated to complete," *id.* at 37. He further explained that he knew about the discovery deadline, but he declined to meet with defense counsel because they failed to respond to his requests for copies of their discovery questions until after the deadline had passed, and by

2

then the pandemic had caused significant confusion. *See id.* at 37-38. Meanwhile, he argued, defense counsel moved to dismiss his case without informing the district court that he had contacted them, which he suggested was tantamount to fraud.

Also on April 21, Mr. Garcia moved the district court to appoint counsel to represent him on the merits of his dismissed claims.

Then, on June 21, 2021, Mr. Garcia filed a motion under Rule 60(b)(3), as well as two other motions referring to Rule 60(b), arguing that defense counsel engaged in fraud by moving to dismiss without notifying the district court he had been in contact with them before the discovery deadline had passed.

The magistrate judge construed Mr. Garcia's requests for Rule 60(b) relief as claiming excusable neglect, *see* Fed. R. Civ. P. 60(b)(1), and fraud, *see* Fed. R. Civ. P. 60(b)(3).[2] But she determined there was neither excusable neglect nor fraud, and therefore the motions should be denied. She also recommended that the motion for appointment of counsel be denied. The district court adopted the recommendations, denied Rule 60(b) relief, and declined to appoint counsel. Mr. Garcia then appealed.

---

[2] The magistrate judge and the district court also referenced Rule 60(b)(6), which permits a court to set aside a judgment for "any other reason that justifies relief." Mr. Garcia has not properly raised any specific argument under that provision, however, either in the district court or on appeal, and thus, we do not consider it.

II

*A.  Scope of Appeal*

We first consider our jurisdiction, which is limited to "judgments from which a timely notice of appeal has been filed," *Lebahn v. Owens*, 813 F.3d 1300, 1304 (10th Cir. 2016).  Normally, a notice of appeal must be filed within thirty days of the entry of judgment, although the time to appeal may be tolled if the appellant files a Rule 60 motion within 28 days from the entry of judgment, *see id.* (citing Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A)).  A Rule 60 motion filed more than 28 days after entry of judgment does not toll time to appeal.  *See id.*

Portions of this appeal challenge the underlying judgment of dismissal and seek to remand for further proceedings.  However, the district court dismissed the action on December 2, 2020, and Mr. Garcia did not timely appeal from the judgment of dismissal.  Instead, he sought Rule 60(b) relief on April 21 and June 21, 2021.  But because his Rule 60(b) motions were not filed within 28 days of the dismissal, they did not toll the time to appeal.  Thus, the notice of appeal, filed on December 1, 2021, is untimely with respect to the dismissal, and we dismiss this appeal to the extent it challenges that judgment.[3]

---

[3] Mr. Garcia also contends the district judge should have recused due to an appearance of bias stemming from her dismissal.  But he fails to demonstrate that he preserved this issue in the district court, and it is not our role to search the record on his behalf to ensure that he did.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); 10th Cir. R. 28.1(A) (requiring litigants to "cite the precise references in the record where the issue was raised and ruled on").  Absent any indication that

## B.  Relief Under Rule 60(b)

We do, however, have jurisdiction to review the denial of Rule 60(b) relief, which is separately appealable from the underlying judgment.  *Lebahn*, 813 F.3d at 1305.  "Rule 60(b) . . . relief is extraordinary and may only be granted in exceptional circumstances."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotation marks omitted).  We review the denial of relief only for an abuse of discretion.  *See id.*  "Given the lower court's discretion, the district court's ruling is only reviewed to determine if a definite, clear or unmistakable error occurred below."  *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (internal quotation marks omitted).

The district court determined Mr. Garcia failed to establish either excusable neglect under Rule 60(b)(1) or fraud under Rule 60(b)(3).  We consider these rulings in turn.

### 1.  Rule 60(b)(1)

Rule 60(b)(1) provides that, "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]"  We have explained that "excusable neglect . . . encompass[es] situations in which failure to comply with a deadline is attributable to negligence."  *Jennings v. Rivers*, 394 F.3d 850, 856

---

Mr. Garcia preserved this issue, we decline to consider it.  *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) (recognizing that absent precise record citations to where an issue was raised and ruled upon, an appellate court may assume an issue was not preserved and decline to consider it).

(10th Cir. 2005) (ellipsis and internal quotation marks omitted). In this context, negligence refers to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* (internal quotation marks omitted).

As best we can tell from our liberal construction of Mr. Garcia's brief, he contends he failed to respond to the show-cause order because it was not properly served on him. He says his lack of notice, coupled with the pandemic and his work obligations, constitute excusable neglect. But these arguments overlook the conscious decisions Mr. Garcia made that culminated in his lack of notice and the dismissal of this case. Our decision in *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442 (10th Cir. 1983), in instructive. In *Cessna Finance*, the defendant sought to set aside a default judgment under Rule 60(b)(1), arguing that he chose not to answer a complaint or apprise his attorneys of it because he did not realize he faced personal liability in the matter. *See id.* at 1444-45. We held that the defendant's conscious decision not to defend against the complaint or seek his attorneys' advice did not constitute excusable neglect for purposes of Rule 60(b)(1). *See id.* at 1446-47.

Here, Mr. Garcia similarly acknowledges that he knew about the discovery deadline before it passed and yet he made the conscious decision not to sit for his deposition or respond to the discovery request until defense counsel contacted him. That decision prompted defendants to move for dismissal once the discovery deadline passed. Although Mr. Garcia complains he had no notice of the show-cause order, presumably because he did not update his then-listed address with the district court

6

from Commerce City, Colorado, to where he was temporarily working in Gypsum, Colorado, the district court correctly recognized that he did not inform the court that he was working out of town, nor did he provide any details as to when he left, when he returned, or why he was unable to obtain his mail during his absence.[4]  These circumstances all suggest that Mr. Garcia made the conscious decisions not to comply with his discovery obligations and not to keep the court informed as to his whereabouts.  Thus, his lack of notice and failure to respond to the show-cause order were due to his conscious decisions, not excusable neglect, and neither the pandemic nor his work obligations suggest otherwise.  Mr. Garcia is not entitled to relief under Rule 60(b)(1).

 2.  *Rule 60(b)(3)*

The district court also determined that Mr. Garcia was not entitled to relief under Rule 60(b)(3) based on his allegations of fraud.  We need not consider this ruling, however, because Mr. Garcia has abandoned his previous theory in favor of a different theory on appeal.

In the district court, Mr. Garcia repeatedly argued under Rule 60(b)(3) that defense counsel engaged in fraud by seeking dismissal for lack of prosecution without informing the district court that he had contacted them.  *See, e.g.*, R., vol. 1 at 35 ("[T]he order to show cause being granted for [f]ailure to prosecute was e[r]roneous and appears to have been made under bad faith by defense counsel and

---

[4] When he eventually sought Rule 60(b) relief, Mr. Garcia indicated only that he returned sometime in February 2021.  *See* R., vol. 1 at 39.

may be [t]antamount [to] [f]raud . . . ."); *id.* at 52 ("Defendants performed fraud on the courts by misleading the court to believe the plaintiff abandoned his claims and failed to prosecute this action."); *id.* at 58 ("The defendants were actively pursuing the fraud on the courts by filing a misleading motion to dismiss for lack of prosecution . . . while being in contact with the plaintiff and not informing this Tribunal . . . ."); *id.* at 63-64 ("Defendants were in contact with petitioner before any deposition deadlines . . . [but defense counsel] submitted a motion to the court under fraud, seeking to [d]ismiss for [l]ack of [p]rosecution . . . .").

On appeal, however, Mr. Garcia no longer relies on Rule 60(b)(3), nor does he contend that defense counsel perpetrated a fraud on the district court by moving to dismiss without disclosing his attempts to contact them. Instead, he argues that defense counsel have "unclean hands" because they failed to respond to his attempts to reschedule his deposition and clarify their discovery requests. Aplt. Br. at 2, 6. Although we recognize that Mr. Garcia protested defense counsel's failure to respond to his communications in the district court, the specific basis on which he sought relief under Rule 60(b)(3) was not his "unclean hands" theory, but rather his theory that defense counsel engaged in fraud by moving to dismiss without disclosing his attempts to contact them. These are two distinct theories.

"Ordinarily, a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (internal quotation marks omitted). Our court is not "a second-shot forum[] . . . where secondary, back-up theories may be mounted

8

for the first time." *Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997) (internal quotation marks omitted). When "a plaintiff pursues a new legal theory for the first time on appeal, . . . we usually deem it waived and refuse to consider it." *Richison*, 634 F.3d at 1127. This includes new theories raised "on appeal that fall[] under the same general category as an argument presented" in the district court. *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) (internal quotation marks omitted).

Here, because Mr. Garcia did not seek relief in the district court under Rule 60(b)(3) based on his "unclean hands" theory, we will not entertain that theory now. And, because his brief on appeal does not mention his previous theory under Rule 60(b)(3) based on defense counsel's alleged fraud for failing to inform the district court that he had attempted to contact them, we decline to consider that theory as well. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

### 3. *Appointment of Counsel*

Finally, Mr. Garcia challenges the denial of his motion for appointment of counsel. The magistrate judge recommended that the motion be denied because the case was terminated. The district court adopted that recommendation, noting that Mr. Garcia failed even to mention his motion for appointment of counsel in his objections to the magistrate judge's report and recommendation. Mr. Garcia now contends the denial of counsel was fundamentally unfair.

9

We note that under this court's firm waiver rule, "the failure to make timely objections to a magistrate judge's recommendations waives appellate review of both factual and legal questions." *Allman v. Colvin*, 813 F.3d 1326, 1329 (10th Cir. 2016) (brackets and internal quotation marks omitted).  But "the firm waiver rule does not apply[] when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Id.* (internal quotation marks omitted).  Neither exception applies here because Mr. Garcia was alerted to the time period in which to object and the consequences of failing to do so, *see* R., vol. 1 at 73, and he does not explain why the interests of justice require review.  Consequently, we need not consider the denial of his motion for appointment of counsel.

In any event, even if we were to overlook Mr. Garcia's failure to object, he has shown no abuse of discretion.  *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (reviewing denial of counsel in a civil case for abuse of discretion). It was his burden "to convince the court that there [was] sufficient merit to his claim to warrant the appointment of counsel.  This contemplates an examination of the state of the record at the time the request [was] made." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citation omitted).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* at 839.

Mr. Garcia sought the appointment of counsel on April 21, 2021, after the district court had already dismissed his case with prejudice for lack of prosecution.

10

By that point, his only means of reinstating his claims was having the dismissal set aside via his Rule 60(b) motion, which the magistrate judge determined should be denied. Given the dismissal of Mr. Garcia's case and his failure to show any basis for setting aside the judgment, the district court's denial of counsel was not an abuse of discretion.

III

Accordingly, we dismiss this appeal in part for lack of jurisdiction. Otherwise, we affirm the district court's judgment. We grant Mr. Garcia's motion to proceed on appeal without prepayment of costs and fees and remind him of his obligation to continue making partial payments until his filing fee is paid in full.

Entered for the Court

Gregory A. Phillips
Circuit Judge