**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 25, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

MELISSA GUNTER, AUSTIN GUNTER;
AARON VANBUSKIRK,

     Plaintiffs - Appellants,

v.

STATE OF OKLAHOMA; CITY OF
SHAWNEE; DEPARTMENT OF THE
TREASURY; DEPARTMENT OF THE
INTERIOR; GOVERNOR KEVIN STITT;
POTTAWATOMIE COUNTY TWENTY-
THIRD JUDICIAL DISTRICT COURT;
JOHN CANAVAN, in his individual and
official capacity as District Court Judge;
TRACY MCDANIEL, in her individual
and official capacity as Associate District
Judge; EMILY MUELLER, in her
individual and official capacity as Special
District Judge; MICHELLE FREEMAN, in
her individual and official capacity as
Guardian ad Litem; ALLEN GRUBB, in
his individual and official capacity as
District Attorney; COREY STONE, in his
individual and official capacity as Assistant
District Attorney; POTTAWATOMIE
COUNTY DEPARTMENT OF HUMAN
SERVICES; TISHA JONES, in her
individual and official capacity as child
welfare worker; BRENDEN WEAVER, in
his individual and official capacity as child
welfare worker; KREMENA ILSHIVA, in
her individual and individual capacity as
child welfare supervisor; SHERRI
HOUSE, in her individual and official
capacity as director; MARRIANNE
MILLER, in her individual and official
capacity as attorney at law; NOEL
TUCKER, in her individual and official

Nos. 24-6049, 24-6069, 24-6070, 24-6078,
24-6079 & 24-6080
(D.C. No. 5:23-CV-00706-SLP)
(W.D. Okla.)

capacity as attorney at law,

    Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

This case arises from the Appellants' disagreement with the custody of their relative, A.K.G., a minor child. Melissa Gunter is the child's paternal grandmother; her sons, Austin Gunter and Aaron VanBuskirk, are A.K.G.'s father and uncle, respectively. Appellants sued numerous defendants, all of whom they claim wronged them in relation to child custody proceedings. The district court dismissed their action and later denied their post-judgment motions. Ms. Gunter, Mr. Gunter, and Mr. VanBuskirk now appeal from both the dismissal (Nos. 24-6049, 24-6069, and 24-6070) and the denial of some of their post-judgment motions (Nos. 24-6078, 24-6079, and 24-6080). We lack jurisdiction over the first three appeals and therefore dismiss them. We affirm the district court's order challenged in the remaining three appeals.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

In November 2023, the district court ordered Mr. Gunter and Mr. VanBuskirk dismissed from the lawsuit because they had not signed the complaint and Ms. Gunter appeared to bring claims on their behalf.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.").  Relatedly, the district court ordered that A.K.G., whom Ms. Gunter included as a plaintiff, be dismissed as a party because she was not represented by counsel.[1]

With Ms. Gunter as the sole plaintiff, the district court determined the complaint failed to comply with Federal Rule of Civil Procedure 8's pleading standards.  Specifically, the court found an overall lack of clarity regarding:  the legal claims Ms. Gunter intended to assert, the facts that pertained to each claim, which claims she asserted individually, and exactly which claims she asserted against each defendant.  The district court therefore ordered Ms. Gunter to file an amended complaint.

---

[1] The Appellants listed A.K.G. as a party in their Opening Brief, however A.K.G. is an unrepresented minor who is not a party to this appeal.  *See Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007) (holding even if an unrepresented plaintiff is a minor's legal guardian, "she would not be able to bring suit on [the minor's] behalf without the assistance of counsel.").

Ms. Gunter, Mr. Gunter, and Mr. VanBuskirk timely filed an amended complaint. This time, all three signed it. The district court therefore considered Mr. Gunter and Mr. VanBuskirk proper parties in its analysis.

On December 19, 2023, the district court dismissed the amended complaint and entered judgment against plaintiffs, reasoning that the amended complaint exhibited many of the same pleading deficiencies as the prior complaint in addition to "new and more problematic deficiencies." R. vol. II at 236. For example, the district court found the 425-page amended complaint exorbitantly long and riddled with factual allegations and citations having no apparent relation or application to the case. The court also found many of the remedies sought were indiscernible and that the remedies it could discern, such as requests for class certification and unspecified injunctive relief, lacked merit based on the facts alleged.

On January 19, 2024, Ms. Gunter submitted a second amended complaint and moved the district court to alter or amend its judgment. The district court denied the motion as untimely under Federal Rule of Civil Procedure 59(e). And because it had already dismissed the lawsuit, the district court struck the proposed second amended complaint from the record.

On March 18, Ms. Gunter noticed her appeal of the district court's dismissal order and judgment (No. 24-6049). On April 9, Mr. Gunter and Mr. VanBuskirk did the same (Nos. 24-6069 and 24-6070).

Before the district court, Ms. Gunter had also filed motions for relief from judgment and for class certification. And she, Mr. Gunter, and Mr. VanBuskirk also

4

moved the district court to reopen their case and extend the appeal deadline. On April 11, the district court issued an order addressing all three motions. It denied the motion for relief from judgment, reasoning that Ms. Gunter's arguments did not justify relief under Federal Rule of Civil Procedure Rule 60(b). And, given that the district court previously dismissed the lawsuit, it struck the motion for class certification as procedurally improper. The district court also denied the motion to reopen and extend the appeal deadline as untimely. Ms. Gunter, Mr. Gunter, and Mr. VanBuskirk separately noticed their appeals of that order on April 25 (Nos. 24-6078, 24-6079, and 24-6080).

## II. DISCUSSION

### A. We Lack Jurisdiction to Review the December 19, 2023, Judgment

This court has an independent duty to assure we have appellate jurisdiction. *See Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1259 (10th Cir. 2018). A timely notice of appeal is a jurisdictional requirement in a civil case. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Where, as here, at least one party is a federal agency or actor, a notice of appeal must be filed within sixty days after the district court entered final judgment. 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B). A party can toll or extend the notice of appeal deadline by timely filing in the district court any post-judgment motion enumerated in Federal Rule of Appellate Procedure 4(a)(4)(A). Although we liberally construe a pro se litigant's filings, pro se parties must comply with the procedural requirements that govern all litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

5

The district court entered judgment on December 19, 2023. Thus, the deadline to file a notice of appeal from that judgment was February 20, 2024.[2] The Appellants did not meet that deadline—Ms. Gunter did not file her notice of appeal until March 18, 2024, while Mr. Gunter and Mr. VanBuskirk did not notice their appeals until April 9, 2024. Ms. Gunter had filed a Rule 59(e) motion to alter or amend the judgment on January 19, 2024, but the district court denied it as untimely.

We review rulings on Rule 59(e) motions to alter or amend a judgment for an abuse of discretion, reversing only if the ruling was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Eaton v. Pacheco*, 931 F.3d 1009, 1027 (10th Cir. 2019) (internal quotation marks omitted). The district court found that the motion, which Ms. Gunter filed thirty-one days after the district court entered judgment, was untimely. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The district court did not abuse its discretion. Ms. Gunter's untimely post-judgment motion did not toll or extend the notice of appeal deadline. *See* Fed. R. App. P. 4(a)(4)(A) (requiring that the post-judgment motion be filed "within the time allowed by [the] rules" to toll the time to file an appeal).

---

[2] This was the deadline because the sixtieth day, February 17, was a Saturday, the next day was a Sunday, and the following day, Monday, February 19, was a federal holiday (President's Day). *See* Fed. R. App. P. 26(a)(1)(C) (providing that if the deadline falls on a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

In sum, the Appellants filed their notices of appeal too late to appeal from the original judgment and, thus, we lack jurisdiction in Nos. 24-6049, 24-6069, and 24-6070.

## B.  We Affirm the April 11, 2024, Order

### 1.  Motion for Relief from Judgment

We review rulings on Rule 60(b) motions for relief from judgment for an abuse of discretion, reversing only if the ruling was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (internal quotation marks omitted).  "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Id.* (internal quotation marks omitted).

The district court found Ms. Gunter's motion asserted two potential grounds for relief—excusable neglect under Rule 60(b)(1) and newly discovered evidence under Rule 60(b)(2).  Ms. Gunter urged the district court to find excusable neglect, explaining that she lacked legal representation.  The court rejected this argument, explaining, for the second time, that her pro se status did not excuse her failure to comply with the pleading standards.  The district court also rejected Ms. Gunter's newly discovered evidence argument, reasoning that (1) she had not identified any new evidence and (2) even if she had, it would not "have any conceivable relation to the pleading failures which resulted in dismissal of the Complaint."  R. vol. III at 566.

On appeal, Ms. Gunter bears to burden of explaining why the district court erroneously denied her Rule 60(b) motion.  She fails to carry that burden.  Indeed, even the most liberal reading of the Appellants' opening brief uncovers no arguments challenging the district court's denial of Rule 60(b) relief.  We therefore conclude that Ms. Gunter has waived any argument that the district court abused its discretion in denying her motion for relief from judgment.  *See United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived.") (brackets and internal quotation marks omitted).

## 2.  Motion for Class Certification

Ms. Gunter also appeals the denial of her motion for class certification. Ms. Gunter filed her motion for class certification on March 15, 2024, approximately three months after the district court had entered judgment and dismissed the amended complaint.  The district court struck the motion from the record, reasoning that the motion was procedurally improper because it had entered final judgment in the case on December 19, 2023.  The district court also noted that it had previously explained that class certification had no application to the facts alleged in the case.

On appeal, Ms. Gunter argues the district court erred in striking her motion for class certification, but she does not explain why.  *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").  As discussed above, Ms. Gunter bears the burden of explaining why the district court committed error in

the proceeding below.  Because her argument is unsupported, we decline to consider it.  *See Kelley v. City of Albuquerque*, 542 F.3d 802, 819 (10th Cir. 2008) (holding that "perfunctory" allegations of error that "fail to frame and develop an issue" are insufficient "to invoke appellate review" (alteration and internal quotation marks omitted)).

### 3.  Motion to Reopen and Extend the Appeal Deadline

The Appellants' opening brief makes no mention of their motion to reopen and extend the appeal deadline, let alone the district court's disposition of it.  Hence, we conclude the Appellants have waived any challenge to the district court's denial of that motion.  *See Cooper*, 654 F.3d at 1128.

### III.  CONCLUSION

We lack jurisdiction to review the district court's December 19, 2023, judgment, and we therefore dismiss Nos. 24-6049, 24-6069, and 24-6070.  In Nos. 24-6078, 24-6079, and 24-6080, we affirm the district court's April 11, 2024, order. We deny the Appellants' motion to consolidate A.K.G.'s state-court guardianship case with this appeal.

Entered for the Court

Joel M. Carson III
Circuit Judge

9