**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ZACHARY RUSK,

    Plaintiff - Appellant,

v.

MONTE KARTCHNER; SIM GILL;
CLIFFORD ROSS, III; BRYON
STEWART; JONTHAN SCHOUMAN;
SAM HESSI; FNU BLANCHE; SALT
LAKE COUNTY JAIL,

    Defendants - Appellees.

No. 25-4076
(D.C. No. 2:23-CV-00402-TC)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Zachary Rusk, proceeding pro se,[1] appeals the district court's denial of his

motion to reopen his underlying lawsuit under Federal Rule of Civil Procedure 60(b).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Rusk proceeds pro se, his filings "are . . . construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."

I.    Background

Mr. Rusk filed a prisoner civil rights action under 42 U.S.C. § 1983. He also filed a motion for appointment of counsel. After a 28 U.S.C. § 1915A screening, the district court denied Mr. Rusk's motion and explained that the complaint did not present a colorable claim. The court detailed the deficiencies in the complaint and provided specific guidance on how he could cure them. It provided him with thirty days to file an amended complaint. Mr. Rusk did not do so. The district court then ordered him to show cause why the action should not be dismissed for failure to prosecute. Rather than respond to the order to show cause or amend the complaint, Mr. Rusk filed a second motion for appointment of counsel. The district court denied the second motion and gave him an additional thirty days to respond. Again, rather than respond, Mr. Rusk filed a motion to recuse the judge and a notice of interlocutory appeal to the Tenth Circuit. That appeal was dismissed. *See* Order, *Rusk v. Kartchner*, No. 24-4067 (10th Cir. July 2, 2024); R., vol. I. at 132. After the dismissal, the district court denied the motion to recuse and gave Mr. Rusk another thirty days to respond to the show cause order or file an amended complaint.

---

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). However, the court will not act as his advocate or "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id.*

Mr. Rusk filed two additional non-responsive documents. In August 2024, the district court dismissed the complaint for failure to follow the court's orders.

Nearly ten months later, Mr. Rusk moved the district court to set aside the judgment and reopen the case under Federal Rule of Civil Procedure 60(b). The district court entered an order denying the motion and concluding that Mr. Rusk did not present an intervening change in the law or new evidence. Mr. Rusk appealed.

## II.    Discussion

Because Mr. Rusk did not file the Rule 60(b) motion until ten months after the court entered judgment dismissing the case, we only have jurisdiction to review the district court's order denying the Rule 60(b) motion. *See* Fed. R. App. P. 4(a)(4)(A)(vi) (providing that a Rule 60 motion only tolls the time to appeal if filed within the time to file a Rule 59 motion); *see also* Fed. R. Civ. P. 59(b), (e) (providing a Rule 59 motion must be filed no later than twenty-eight days of the judgment).

"[W]e consider . . . whether the district court's denial of Rule 60(b) relief was an abuse of discretion, keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (internal quotation marks omitted). "We will not reverse the district court's decision on a Rule 60(b) motion unless that decision is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (internal quotation marks omitted). Grounds for Rule 60(b) relief include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct

3

clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The district court determined Mr. Rusk did not cite any intervening change in the law or present new evidence. It also determined his claim that certain requests for government records remained unfulfilled did not explain why he was unable to comply with the court's previous orders.

On appeal, Mr. Rusk does not challenge the district court's ruling. At most he appears to reassert positions and statements he made in the district court throughout the litigation. Because he does not present any arguments that show how the district court abused its discretion in denying the Rule 60(b) motion, we affirm the district court's judgment for substantially the same reasons stated in its thorough and well-reasoned June 13, 2025 order.

## III.    Conclusion

We affirm the judgment. We deny all pending motions.[2]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] *Request to Submit for Decision and Default Judgment* (Dkt. No. 18) and an *Ex-Parte Request/Motion for Information, Case Status and History of Specific Submission Date for Petition for Writ of Mandamus* (Dkt. No. 19).